*[Handwritten notes in upper left margin: "rfc to encl. / Cumb. Cty. / Dauber / 11/06 - / Summons issued / Dept. #111 /33843"]*

*[Handwritten upper right: "(1) 5/7/01 m"]*

● **ORIGINAL** ●

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

RICKEY A. BECHTEL,
      Plaintiff

v.

DANIEL A. VIRTUE, Business Agent of the
International Brotherhood of Teamsters;
INTERNATIONAL BROTHERHOOD OF
TEAMSTERS; LOCAL 776, INTERNATIONAL
BROTHERHOOD OF TEAMSTERS; ABF
FREIGHT SYSTEM, INCORPORATED,
      Defendants

**1:CV-01-0789**

**JURY TRIAL DEMANDED**

FILED
HARRISBURG

MAY 0 4 2001

MARY E. D'ANDREA, CLERK
Per_____
      DEPUTY CLERK

## COMPLAINT

      **NOW COMES**, Plaintiff, Rickey A. Bechtel, by and through counsel, Robert S. Mirin, hereby lodges this Complaint against Daniel A. Virtue, Business Agent/Manager of the International Brotherhood of Teamsters; International Brotherhood of Teamsters; Local 776, International Brotherhood of Teamsters; ABF Freight System, Inc., and in support thereof avers the following:

### JURISDICTION

1.     Jurisdiction is vested in this Court under 28 U.S.C. §1331 et seq., and its authority to adjudicate federal claims under the federal laws and Constitution of the United States. The federal law in question arises under §301 of the Labor Management Relation Act at 29 U.S.C. §185.

1



## VENUE

2. Venue is proper in the Middle District of Pennsylvania pursuant to 28 U.S.C. §1391(b), and is properly lain in that court because the claim arose from employment related actions of the International Brotherhood of Teamsters, and its Local Union 776 and ABF Freight System, Inc., within the Middle District of Pennsylvania.

## PARTIES

3. Plaintiff, Rickey A. Bechtel, is an adult individual who resided, at all times material to this complaint, at 2072 Locust Lane, Hummelstown, PA 17036.

4. Defendants are as follows:

   (1) Defendant, Daniel A. Virtue, is an adult individual employed as the Business Manager for the International Brotherhood of Teamsters, Local Union #776, (hereafter referred to as "Local Union") located at 2552 Jefferson Street, Harrisburg, Pennsylvania 17110-2505. As Business Manager, Defendant Virtue, at all times material to this litigation, was responsible for the administration of the International and Local Union's rights and obligations, including the Unions' involvement with the grievance arbitration process under the controlling collective bargaining agreement.

   (2) Defendant, the International Brotherhood of Teamsters (hereafter referred to as "Union"), is an International Union and parent organization of the Local Union #776 (hereafter referred to as "Local Union"). The Union's headquarters are located at 25 Louisiana Avenue, NW Washington, D.C., 20001, and at all times

material to this litigation is/was, inter alia, responsible for oversight for and the administration of the collective bargaining agreement which regulates the employment rights of the Plaintiff.

(3) Defendant Local 776, International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America is a Local Union chartered and regulated by the International Union.

    i. Said Local Union is located at 2552 Jefferson Street, Harrisburg, Pennsylvania 17110-2505, and is involved with the day to day administration of any current master and local collective bargaining agreement, which controlled and controls Plaintiff's current wage, hours and conditions of employment including seniority rights, and performed the same functions under the collective bargaining agreements under which the Plaintiff was employed prior to and up to 1995.

    ii Said Local Union represented Plaintiff while he was employed at Carolina Freight's Carlisle, Pennsylvania facility, until Carolina Freight's merger with ABF Freight System, Inc. and thereafter as a laid-off ABF employee.

    iii Both employer entities operated under the same collective bargaining agreement which was serviced by the same Local Union (Local 776).

(4) Defendant, ABF Freight System, Inc, (hereafter referred to as "ABF"), is a corporation located at 3801 Old Greenwood Road, Fort Smith, Arkansas 72903-5937 engaged in intra and inter state commerce and is a successor to Carolina Freight, a corporation which was also engaged in intra and interstate commerce at

all times material to this litigation. Both employer entities operated freight terminals within the Middle District including but not limited to terminals in Carlisle, Pennsylvania.

## BACKGROUND

5. Rickey A. Bechtel was employed as a platform jockey in the Carlisle facility at the time of his layoff in 1995 by Carolina Freight at the time of its merger with Defendant ABF and was employed by Defendant ABF as Carolina Freight's successor under the National Labor Relations Act at all times material to this litigation, and represented by the Local Union and the International Union.

6. At the time of the layoffs, when the Carolina Freight facility was shut down, Mr. Bechtel, along with other Carolina Freight employees, was told that he would have five (5) years of accrued recall rights in Carlisle, PA under the local collective bargaining supplement to the National Freight Agreement which, inter alia, covered Defendant ABF.

7. Thereafter, Mr. Bechtel was employed in a variety of driving positions and other employment in the Cumberland and Dauphin County areas.

8. On or about November 9, 1995, ABF advised Mr. Bechtel that,
    "in accordance with paragraph 7 of the decision in the above referenced change of operations, on November 8, 1995, you were contacted and offered an opportunity to transfer to permanent employment in your classification at Waco, Omaha, Brattleboro, New Haven, Cedar Rapids, Waterbury, Fairfield, Minneapolis or Newark. This letter is to confirm that you elected to decline the job offer and to remain in layoff status at Carlisle, PA."

9. Between November 9, 1995 and February of 2000, Mr. Bechtel had no contact from either the Local Union or ABF; although, he had occasion to be employed at Roadway Express,

4

which is an employer covered by the same collective bargaining agreement and Local Union as was/is in place at Carolina Freight and ABF in Carlisle, Pennsylvania.

10. Mr. Bechtel learned, by word of mouth, that there appeared to vacancies at the "Carlisle Barn" of ABF and undertook to contact ABF in February of 2000.

11. When Mr. Bechtel was not returned to work at the Carlisle facility, he filed a grievance within the prescribed contractual timeframe, or less than seven (7) days from the date that he learned he was not being recalled by ABF in Carlisle.

12. Thereafter, the Local Union, accepted his grievance and processed the grievance through the local and eastern conference steps up to November 8, 2000.

13. Throughout this period of time, (May 1995 to date), the Local Union and the International Union, failed and refused to provide information concerning recall status.

14. Notwithstanding the letter of November 9, 1995 signed by Gordon Ringberg, director of Industrial Relations at ABF, the company and union took the position, as a result of the Eastern Conference disposition, of which Mr. Bechtel learned on November 8, 2000, that his claim that he was entitled to recall to work at the Carlisle facility would not be honored or pursued further by Defendant Unions.

## COUNT I
## BREACH OF COLLECTIVE BARGAINING AGREEMENT

15. Paragraphs 1 through 14 are incorporated herein as if set forth at length.

16. The employer and union continue to fail to observe the provisions of the National Master Freight Agreement or relevant provisions of the governing Supplemental Agreement concerning recalls from layoff.

17. The Carlisle Carolina Freight break freight location, at which Mr. Bechtel was hired and

5

worked prior to 1995, was the predecessor location of Carolina Freight which was merged into the ABF break-freight facility located in Carlisle, Pennsylvania immediately adjacent to Carolina Freight's facility.

18. Carolina Freight work, which was performed out of the predecessor (Carolina Freight) facility, is now performed by ABF largely out of the ABF Carlisle facility.

19. In 1995, at the time of the layoff from Carolina Freight (hereafter referred to as "CF"), the merger between CF and ABF was in process and known to defendants.

20. The two facilities (CF and ABF) were geographically located side by side in Carlisle, Pennsylvania.

21. The administration of the labor agreements, in question, by defendants, and the relevant seniority provisions have been tainted by improper, political considerations having to do with the prior employment status of laid off employees as previously employed by Carolina Freight verses pre-1995 employment by Defendant ABF.

22. The Defendants have failed and refused to implement the recall provisions of the relevant labor agreements.

23. The employer's course of conduct and action has been condoned and ratified by the Local Union.

24. Thus, Plaintiff has suffered diminished rights, entitlements and earnings, by virtue of the fact that his recall rights were not honored by ABF.

**COUNT II**
**UNIONS BREACH OF ITS DUTY OF FAIR REPRESENTATION BY MISHANDLING THE ENSUING GRIEVANCE OR ARBITRATION PROCEEDINGS.**

26. Paragraphs 1-24 are incorporated herein as if set forth at length and in full.

27. For the above stated reasons, Plaintiff maintains that the Unions breached their duty of fair representation by refusing to further process Mr. Bechtel's grievance up to and including arbitration proceedings.

28. The Local Union has failed, at the terminal level and/or through the grievance procedure, to fairly represent Plaintiff.

29. The International Union is responsible for Union policy, the National Master Freight Agreement and, inter alia, the creation and oversight of the Local Union and has failed to insure the fair representation of Plaintiff.

   **WHEREFORE**, Plaintiff respectfully requests this Honorable Court to enter judgment against the Defendants and in favor of Plaintiff, and require that Defendants reinstate Plaintiff, with appropriate seniority, and make Plaintiff whole for any economic loss resulting from Defendants' conduct, award compensatory damages, attorney's fees, and such other relief as this Court deems appropriate.

Dated: 5/04/01

Respectfully submitted,

Robert S. Mirin, Esquire
Supreme Court I.D. No. 25305
AHMAD & MIRIN
8150 Derry Street, Suite A
Harrisburg, PA 17111
(717) 909-4343

ATTORNEY FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I, Kathleen M. Campbell, certify that a true and correct copy of the foregoing *Complaint* has been served by First-class mail, postage pre-paid, as follows:

International Brotherhood of Teamsters
Local 776
2552 Jefferson Street
Harrisburg, PA 17110-2505

International Brotherhood of Teamsters
25 Louisiana Avenue, NW
Washington, D.C. 20001

ABF Freight Systems, Inc.
3801 Old Greenwood Road
Fort Smith, AR 72903-5937

Courtesy copy:

Ira Weinstock, Esquire
800 North Second Street
Harrisburg, PA 17101

Date: May 4, 2001

Kathleen M. Campbell, Assistant
AHMAD & MIRIN
8150 Derry Street, Suite A
Harrisburg, PA 17111
(717) 909-4343