

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RICKEY A. BECHTEL,<br><br>      Plaintiff,<br><br>v.<br><br>DANIEL A. VIRTUE, Business Agent of the International Brotherhood of Teamsters; INTERNATIONAL BROTHERHOOD OF TEAMSTERS; LOCAL 776, INTERNATIONAL BROTHERHOOD OF TEAMSTERS; ABF FREIGHT SYSTEM, INCORPORATED,<br><br>      Defendants. | Case No. 3:01-CV-789<br>Judge Sylvia H. Rambo<br><br>FILED<br>HARRISBURG<br><br>JUL 0 5 2001<br><br>MARY E. D'ANDREA, CLERK<br>Per_____<br>     DEPUTY CLERK |

### DEFENDANT ABF FREIGHT SYSTEM'S ANSWER TO PLAINTIFF'S COMPLAINT

COMES NOW, Defendant ABF Freight System, Inc. ("ABF"), by and through its attorneys, and answers the Complaint filed herein as follows:

1. ABF admits that Plaintiff purports to invoke the jurisdiction of this Court pursuant to Section 301 of the Labor Management Relations Act, 29 U.S.C. §185, and 28 U.S.C. §1331 et seq. The issue of jurisdiction is a matter of law and accordingly, no response is required. ABF denies the remaining allegations of Paragraph 1 of the Complaint.

2. ABF admits that Plaintiff purports to confer venue upon this Court pursuant to 28 U.S.C. §1391(b). The issue of venue is a matter of law and accordingly, no response is required. ABF denies the remaining allegations of Paragraph 2 of the Complaint.

3. ABF lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 of the Complaint and accordingly, they are denied.

4(1).   ABF lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4(1) of the Complaint and accordingly, they are denied.

4(2).   ABF admits that the International Brotherhood of Teamsters is an international labor organization with its headquarters located at 25 Louisiana Avenue, N.W., Washington, D.C. 20001. ABF lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 4(2) of the Complaint and accordingly, they are denied.

4(3)(i)-(iii).   ABF admits that Teamsters Local 776 is a labor organization, and that its offices are located at 2552 Jefferson Street, Harrisburg, PA 17110-2505. ABF lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 4(3)(i)-(iii) of the Amended Complaint and accordingly, they are denied.

4(4).   ABF admits that it is a corporation with its headquarters located at 3801 Old Greenwood Road, Fort Smith, Arkansas 72903-5937. ABF further admits that it is a common carrier of freight and that it operates a freight terminal in Carlisle, Pennsylvania. ABF denies the remaining allegations of Paragraph 4(4) of the Amended Complaint.

## BACKGROUND

5.   ABF denies that it was a successor to Carolina Freight Carriers Corporation under the National Labor Relations Act. ABF lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 5 of the Complaint and accordingly, they are denied.

6.   ABF lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 of the Complaint and accordingly, they are denied.

7. ABF lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 of the Complaint and accordingly, they are denied.

8. ABF admits that it wrote Plaintiff on or about November 9, 1995, and that the letter speaks for itself. ABF denies the remaining allegations in Paragraph 8 of the Complaint.

9. ABF lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 of the Complaint and accordingly, they are denied.

10. ABF lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 of the Complaint and accordingly, they are denied.

11. ABF denies the allegations in Paragraph 11 of the Complaint.

12. ABF lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 of the Complaint and accordingly, they are denied.

13. ABF lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 of the Complaint and accordingly, they are denied.

14. ABF lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 of the Complaint and accordingly, they are denied.

**COUNT I-BREACH OF COLLECTIVE BARGAINING AGREEMENT**

15. ABF hereby incorporates by reference its answers to Paragraphs 1 through 14 of the Complaint, inclusive, as if they were set forth in full here.

16. ABF denies the allegations in Paragraph 16 of the Complaint.

17. ABF denies the allegations in Paragraph 17 of the Complaint.

18. ABF denies the allegations in Paragraph 18 of the Complaint.

19. ABF denies the allegations in Paragraph 19 of the Complaint.

Case 1:01-cv-00789-SHR    Document 3    Filed 07/06/2001    Page 4 of 7

20. ABF admits that its Carlisle, Pennsylvania terminal is located near a freight terminal operated previously by Carolina Freight Carriers Corporation. ABF denies the remaining allegations in Paragraph 20 of the Complaint.

21. ABF denies the allegations in Paragraph 21 of the Complaint.

22. ABF denies the allegations in Paragraph 22 of the Complaint.

23. ABF denies the allegations in Paragraph 23 of the Complaint.

24. ABF denies the allegations in Paragraph 24 of the Complaint.

### COUNT II- UNIONS BREACH OF ITS DUTY OF FAIR REPRESENTATION BY MISHANDLING THE ENSUING GRIEVANCE OR ARBITRATION PROCEEDINGS

26. [sic]    ABF hereby incorporates by reference its answers to Paragraphs 1 through 24 of the Complaint, inclusive, as if they were set forth in full here.

27. ABF lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 of the Complaint and accordingly, they are denied.

28. ABF lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28 of the Complaint and accordingly, they are denied.

29. ABF lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29 of the Complaint and accordingly, they are denied.

Defendant denies that Plaintiff is entitled to any of the relief requested.

### AFFIRMATIVE DEFENSES

#### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

1-HA/94973.1                                    4

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the applicable statute of limitations.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of arbitration and award.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff has failed to exhaust available administrative, contractual, and internal union remedies.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of laches.

### SIXTH AFFIRMATIVE DEFENSE

The Court lacks subject matter jurisdiction over Plaintiff's claims.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of res judicata and collateral estoppel.

WHEREFORE, for all the foregoing reasons, ABF respectfully requests that this Court dismiss Plaintiff's Complaint in its entirety, with prejudice, grant judgment for ABF, and award

ABF its costs and expenses, including reasonable attorneys' fees, which it has been forced to incur in defending itself against this action.

                      Respectfully submitted,

                      */s/ Vincent Candiello*
                      Vincent Candiello
                      MORGAN, LEWIS & BOCKIUS, L.L.P.
                      One Commerce Square
                      417 Walnut Street
                      Harrisburg, PA 17101-1904
                      (717) 237-4000

                      Joseph E. Santucci, Jr.
                      Mary D. Walsh
                      MORGAN, LEWIS & BOCKIUS, L.L.P.
                      1800 M. Street, N.W.
                      Washington, DC 20036
                      (202) 467-7398

                      Attorneys for Defendant
                      ABF Freight System, Inc.

Dated: July 5, 2001

## CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of July, 2001, a copy of ABF Freight Systems, Inc.'s Answer to Plaintiff's Complaint was served via first-class mail, postage prepaid, on the following:

>Robert S. Mirin
>Ahmad & Mirin
>8150 Derry Street, Suite A
>Harrisburg, PA 17111
>
>James A. McCall
>Special Counsel
>International Brotherhood of Teamsters
>25 Louisiana Avenue, N.W.
>Washington, DC 20001
>
>Ira Weinstock
>800 N. 2nd Street
>Harrisburg, PA 17102

>*/s/ Vincent Candiello*
>Vincent Candiello
>MORGAN, LEWIS & BOCKIUS, L.L.P.
>One Commerce Square
>417 Walnut Street
>Harrisburg, PA 17101-1904
>(717) 237-4000
>
>Attorney for Defendant
>ABF Freight System, Inc.