Attorneys for Plaintiff
Robert S. Mirin
AHMAD & MIRIN
8150 Derry Street, Suite A
Harrisburg, PA 17111

Attorneys for Defendant ABF Freight System, Inc.
Joseph E. Santucci, Jr.
Mary D. Walsh
MORGAN, LEWIS & BOCKIUS LLP
1800 M Street N.W.
Washington, DC 20036

Vincent Candiello
MORGAN, LEWIS & BOCKIUS LLP
One Commerce Square
417 Walnut Street
Harrisburg, PA 17101-1904

Attorneys for Defendants Daniel A. Virtue, International Brotherhood of Teamsters, and Local 776, International Brotherhood of Teamsters
Ira Weinstock
Wendy Dullea Bowie
IRA H. WEINSTOCK, P.C.
800 North Second Street
Harrisburg, PA 17101-1904



**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| RICKEY A. BECHTEL,<br><br>  Plaintiff,<br><br>  v.<br><br>DANIEL A. VIRTUE, Business Agent of the International Brotherhood of Teamsters; INTERNATIONAL BROTHERHOOD OF TEAMSTERS; LOCAL 776, INTERNATIONAL BROTHERHOOD OF TEAMSTERS; ABF FREIGHT SYSTEM, INCORPORATED,<br><br>  Defendants. | Case No. 1:01-CV 789<br>Judge Sylvia H. Rambo |

## JOINT CASE MANAGEMENT PLAN

Having complied with the meet and confer requirements set forth in Local Rule 16.3(a), Defendants, ABF Freight System, Inc. ("ABF"), Daniel A. Virtue ("Virtue"), International Brotherhood of Teamsters ("IBT"), Local 776, International Brotherhood of Teamsters ("Local 776"), and Plaintiff, Ricky Bechtel ("Plaintiff") (collectively referenced as "the Parties") hereby submit the following Joint Case Management Plan. This case is a so-called hybrid breach of the duty of fair representation/Section 301 breach of contract action. 29 U.S.C. §185. See also DelCostello v. International Brotherhood of Teamsters, 462 U.S. 151, 168 (1983). Plaintiff alleges that Defendant ABF Freight System, Inc. breached the terms of the National Master Freight Agreement ("NMFA" or "Agreement"), the collective bargaining agreement negotiated by the Teamsters and the trucking industry which covered the Plaintiff, by improperly applying the recall provisions of the Agreement. Plaintiff further alleges that Defendants Virtue, IBT, and Local 776 breached the duty of fair representation by refusing to process Plaintiff's grievance.

1. Principal Issues

    1.10    The principal factual issues that the parties dispute are:

        1.11    Whether the facts alleged in the Complaint and denied by Defendants are true, including but not limited to: (a) whether Plaintiff had recall rights at ABF's Carlisle, PA facility; (b) whether Plaintiff's prior employment status affected Plaintiff's recall rights, if he had any; (c) whether Plaintiff's grievance was timely filed; (d) whether Plaintiff's Complaint was timely filed.

<u>agree</u> upon are:

1.20  The parties agree that Plaintiff was a former employee of Carolina Freight Carriers Corp.

1.21  The parties agree that on or about November 9, 1995, Plaintiff was offered an opportunity to transfer to employment in his job classification at several ABF locations, but Plaintiff elected to decline the offer and remain in layoff status at Carlisle, PA.

1.22  The parties agree on all express factual admissions in Defendant ABF's Answer to Plaintiff's Complaint.

1.23  The parties agree on all express factual admissions in Defendants Virtue, IBT, and Local 776' Answer to Plaintiff's Complaint.

1.30  The principal <u>legal</u> issues that the parties <u>dispute</u> are:

1.31  Whether Defendants have breached the National Master Freight Agreement and the Central Pennsylvania Supplemental Agreement.

1.32  Whether Defendants Virtue, IBT, and Local 776 breached the duty of fair representation to Plaintiff.

1.33  Whether Defendant ABF's affirmative defenses as set forth in its Answer to Plaintiff's Complaint are meritorious.

1.34  Whether Defendants Virtue, IBT, and Local 776's affirmative defenses as set forth in their Answer to Plaintiff's Complaint are meritorious.

1.35  Whether Plaintiff is entitled to any or all relief claimed in his Complaint.

1.40  agree upon are:

    1.41    None at this time.

1.50  Identify any unresolved issues as to service of process, personal jurisdiction, subject matter jurisdiction, or venue: None

1.60  Identify any named parties that have not yet been served: None

1.70  Identify any additional parties that:

Plaintiff intends to join: None

Defendants intend to join: None

1.80  Identify any additional claims that:

Plaintiff intends to add: None

Defendants intends to add: None

**2.0  Alternative Dispute Resolution ("ADR")**

2.10  Identify any ADR procedure to which this case already has been assigned or which the parties have agreed to use.

ADR procedure-- The parties may consider non-binding ADR at a later date.

Date ADR to be commenced: Not Applicable

Date ADR to be completed: Not Applicable

2.20  If the parties have been unable to agree on an ADR procedure, but no one or more parties believes that the case is appropriate for such a procedure, identify the party or parties that recommend ADR and the specific ADR process recommended: Not Applicable

    2.30    If all parties share the view that no ADR procedure should be used in this case, set forth the basis for that view: <u>Not Applicable</u>

**3.0**    **Consent to Jurisdiction by a Magistrate Judge**

Indicate whether all parties agree, pursuant to 28 U.S.C. § 636(c), to have a magistrate judge handle all the remaining pretrial aspects of this case and preside over a jury or court trial, with appeal lying to the United States Court of Appeals for the Third Circuit: All parties agree to jurisdiction by a magistrate judge of this court: ___ yes <u>X</u> no

**4.0**    **Disclosures**

    4.100    Separately for each party, list by <u>name and title/position</u> each person whose identity has been disclosed.

        4.101    Disclosed by <u>Plaintiff</u>:

| <u>Name</u> | <u>Title/Position</u> |
|---|---|
| Ricky Bechtel | Plaintiff |
| Jeffery D. Albright | Driver |
| Norman T. Boire | Driver |
| Gary M. Dietz | Driver |
| William H. Erdman | Driver |
| Michael W. Fritz | Driver |
| A. Ronald Frombaugh | Driver |
| Ralph A. Harris | Driver |
| Allen W. Landis | Driver |
| Lowell McGuire | Driver |

| | |
|---|---|
| Walter R. Minich | Driver |
| Raymond C. Nevins | Driver |
| Stanley L. Nye | Driver |
| Vincent Ramirez, Jr. | Driver |
| Keith E. Sgrignoli | Driver |
| Ray G. Snyder, Jr. | Driver |
| Lawrence D. Welker | Driver |

4.102   Disclosed by <u>Defendant ABF</u>:

| <u>Name</u> | <u>Title/Position</u> |
|---|---|
| Gordon Ringberg | Director, Industrial Relations |

4.103   Disclosed by <u>Defendants Virtue, IBT, and Local 776</u>:

| <u>Name</u> | <u>Title/Position</u> |
|---|---|
| Daniel Virtue | President, International Brotherhood of Teamsters, Local 776 |
| Charles Shughart | Business Agent, International Brotherhood of Teamsters, Local 776 |

4.200   Separately for each party, describe by <u>categories</u> the documents that have been disclosed or produced through formal discovery, indicating which categories relate (even if not exclusively) to damages:

Without waiving the right to respond to specific discovery requests, as well as the right to produce documents only in response to formal requests, the

parties disclose the following categories of documents, which may be relevant to material issues in this matter:

4.201   Categories of documents disclosed by <u>Plaintiff</u>:

All documents in Plaintiff's possession or control related to Plaintiff's grievance, the processing of Plaintiff's grievance, and the collective bargaining agreement covering Plaintiff.

4.202   Categories of documents disclosed by <u>Defendant ABF</u>:

1.   Plaintiff's personnel file.

2.   Non-privileged documents submitted by Defendant ABF in connection with Plaintiff's grievance arbitration (Grievance No. 94530), including documents submitted to the Eastern Region Joint Area Committee proceedings, and the National Multi-Regional Change of Operations Violation Committee, if any.

4.203   Categories of documents disclosed by <u>Defendants Virtue, IBT, and Local 776</u>:

Non-privileged documents related to Plaintiff's grievance and the processing of Plaintiff's grievance (Grievance No. 94530).

4.300   <u>Additional Documents Disclosures</u>: Separately for each party, describe each additional category of documents that will be disclosed without imposing on other counsel the burden of serving a formal request for production of documents:

4.301   Additional categories of documents <u>Plaintiff</u> will disclose: At this time Plaintiff is unaware of other documents in its possession, custody and control that are relevant to Plaintiff's claims.

4.302   Additional categories of documents <u>Defendant ABF</u> will disclose: At this time ABF is unaware of any other categories of documents in its possession, custody and control that are relevant to Plaintiff's claims.

4.303   Additional categories of documents <u>Defendants Virtue, IBT, and Local 776</u> will disclose:

At this time Defendants Virtue, IBT, and Local 776 are unaware of other documents in their possession, custody and control that are relevant to Plaintiff's claims.

4.400   Separately for each party who claims an entitlement to damages or an offset, set forth the computation of the damages or of the offset:

4.401   Plaintiff's calculation of damages: Plaintiff's computation of damages will be based on the standard calculation of backpay and lost revenue as provided by federal labor law.

4.402 Defendants' ABF, Virtue, IBT, and Local 776's calculation of offset: Plaintiff's earnings, income, and other evidence of mitigation, to be determined.

4.403   Counterclaimant/third party claimant's calculation of damages: Not Applicable

**5.0  Motions**

Identify any motion(s) whose early resolution would likely have a significant effect either on the scope of discovery or other aspects of the litigation:

| Nature of Motion | Moving Party | Anticipated Filing Date |
|---|---|---|
| Motion for Summary Judgment | Defendants | June 3, 2002 |
| Motion for Summary Judgment | Plaintiffs | June 3, 2002 |
|  |  |  |

**6.0  Discovery**

  6.100  Briefly describe any discovery that has been completed or is in progress:
  The parties are in the process of preparing discovery requests including requests for production of documents, requests for admission, and interrogatories.

  6.200  Describe any discovery that all parties agree should be conducted, indicating for each discovery undertaking its purpose or what kinds of information will be developed through it: The Parties will take depositions, and serve interrogatories and requests for production of documents on each other to develop the factual bases for the prosecution and defense of the claims in this action; the Parties may also seek discovery from third parties who may have material information; and the Parties may serve requests for admissions on each other to narrow the issues for resolution. Plaintiff intends to take discovery from the Union Defendants concerning the bases of their actions regarding Plaintiff's grievance, and Defendant ABF regarding the administration of and application of contractual policy and Plaintiff's recall rights. Defendants intend to depose Plaintiff. The parties reserve the right to depose other

individuals who may have knowledge of relevant facts, including but not limited to, those named by Plaintiff and Defendants in this Joint Case Management Plan and/or as witnesses by Plaintiff and Defendants in discovery.

6.300   Describe any discovery that one or more parties want(s) to conduct but to which another party objects, indicating for each such discovery undertaking its purpose or what kinds of information would be developed through it: None at this time.

6.400   Identify any subject area limitations on discovery that one or more parties would like imposed, at the first stage of or throughout the litigation: None at this time.

6.500   For each of the following discovery tools, recommend the per-party or per-side limitation (specify a number) that should be fixed, subject to later modification by stipulation or court order on an appropriate showing (where the parties cannot agree, set forth separately the limits recommended by plaintiff(s) and by defendant(s)):

6.501   Depositions (excluding experts) to be taken by:

Plaintiff: 20          Each Defendant: 20

6.502   Interrogatories to be served by:

Plaintiff: 40          Each Defendant: 40

6.503   Document production requests to be served by:

Plaintiff: 40          Each Defendant: 40

6.504   Requests for admission to be served by:

Plaintiff: 40          Each Defendant: 40

    6.600  All discovery commenced in time to be completed by:

    <u>May 1, 2002</u>

    6.700  Reports from retained experts due:

    From Plaintiff by:  <u>60 days prior to the close of discovery</u>

    From Defendants by:  <u>30 days prior to the close of discovery</u>

    6.800  Supplementations due: <u>At close of discovery</u>

**7.0  Protective Order**

    7.1    If entry of a protective order is sought, attach to this statement a copy of the proposed order.

The parties do not anticipate the need to enter into a Confidentiality Agreement at this time. If the need for a Confidentiality Agreement arises, the parties will enter into such an Agreement at an appropriate date.

    7.2    If there is a dispute about whether a protective order should be entered, or about certain terms of the proposed order, briefly summarize each party's position below: Not Applicable.

**8.0  Certification of Settlement Authority (All Parties Shall Complete the Certification)**

I hereby certify that the following individual(s) have settlement authority:

For Plaintiff:

    Robert S. Mirin
    AHMAD & MIRIN
    8150 Derry Street, Suite A
    Harrisburg, PA 17111
    (717) 909-4343

For Defendant ABF:

    Joseph E. Santucci, Jr.
    MORGAN, LEWIS & BOCKIUS LLP
    1800 M Street N.W.
    Washington, DC 20036
    (202) 467-7398

For Defendants Virtue and Local 776:

    Ira Weinstock
    IRA H. WEINSTOCK, P.C.
    800 North Second Street
    Harrisburg, PA 17101-1904

For Defendant IBT

    James A. McCall, Esquire
    International Brotherhood of Teamsters
    25 Louisiana Avenue, N.W.
    Washington DC 20001
    (202) 624-6935

**9.0    Scheduling**

    9.1    This case may be appropriate for trial in approximately:

        _____    240 Days from the filing of the complaint

        _____    365 Days from the filing of the complaint

        __425__    Days from the filing of the complaint

    9.2    Suggested Date for Trial:

    <u>July, 2002</u>

    9.3    Suggested Date for the final Pretrial Conference:

    <u>June, 2002</u>

9.4 Final date for joining additional parties:

    Plaintiff:    November 1, 2001

    Defendants:    December 1, 2001

9.5 Final date for amending pleadings:

    Plaintiff:    November 1, 2001

    Defendants:    December 1, 2001

9.6 All potentially dispositive motions should be filed by:

    June 5, 2002

**10.0 Other Matters**

Make any other suggestions for the case development process, settlement, or trial that may be useful or necessary to the efficient and just resolution of the dispute.

**11.0 Identification of Lead Counsel**

Identify by name, address, and telephone number lead counsel for each party:

Lead Counsel for Plaintiff

    Robert S. Mirin
    AHMAD & MIRIN
    8150 Derry Street, Suite A
    Harrisburg, PA 17111
    (717)909-4343

Lead Counsel for Defendant ABF Freight System, Inc.

    Joseph E. Santucci, Jr.
    MORGAN, LEWIS & BOCKIUS LLP
    1800 M Street N.W.
    Washington, DC 20036
    (202)467-7398

Lead Counsel for Defendants Daniel A. Virtue, International Brotherhood of Teamsters, and Local 776, International Brotherhood of Teamsters

    Ira Weinstock
    IRA H. WEINSTOCK, P.C.
    800 North Second Street
    Harrisburg, PA 17101-1904
    (717)238-1657

Respectfully submitted,

_____      9/25/01
Attorney for Plaintiff                    Dated

_____      9/25/01
Attorney for Defendant ABF Freight System, Inc.    Dated

_____      9/25/01
Attorney for Defendants Virtue, IBT, and Local 776    Dated