ORIGINAL

FILED
HARRISBURG, PA

APR 0 3 2002

MARY E. D'ANDREA, CLERK
Per _____

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JEFFREY D. ALBRIGHT, et al., ) | |
| ) | |
| Plaintiffs ) | |
| ) | |
| v. ) | CIVIL NO. 1:CV-00-878 |
| ) | |
| DANIEL A. VIRTUE, Business Agent of the ) | |
| International Brotherhood of Teamsters; ) | |
| INTERNATIONAL BROTHERHOOD OF ) | |
| TEAMSTERS; LOCAL 776, ) | |
| INTERNATIONAL BROTHERHOOD OF ) | |
| TEAMSTERS; and ABF FREIGHT ) | |
| SYSTEM, INC., ) | |
| ) | |
| Defendants ) | |
| ) | |
| *   *   *   *   * ) | |
| RICKEY A. BECHTEL, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | CIVIL NO. 1:CV-01-0789 |
| ) | |
| DANIEL A. VIRTUE, Business Agent of the ) | |
| International Brotherhood of Teamsters; ) | |

INTERNATIONAL BROTHERHOOD OF )
TEAMSTERS; LOCAL 776, )
INTERNATIONAL BROTHERHOOD OF )
TEAMSTERS; and ABF FREIGHT )
SYSTEM, INC., )
                                                         )
            Defendants )
_____)

## ABF FREIGHT SYSTEM INC.'S OPPOSITION TO PLAINTIFFS' MOTION TO CONSOLIDATE

### INTRODUCTION

Defendant ABF Freight System, Inc. ("ABF") opposes Plaintiffs Jeffery D. Albright, et. al. ("Albright Plaintiffs")[1] and Rickey Bechtel's ("Bechtel") Motion to Consolidate Cases. The Albright and Bechtel cases present distinct factual and procedural issues that render these matters inappropriate for consolidation. Consolidation would substantially increase the complexity of the case, and only serve to create confusion for the trier of fact. In addition, consolidation would delay the resolution of Mr. Bechtel's case, which is ripe for disposition, and allow Mr. Bechtel to initiate discovery outside of the timeframe permitted by the Court's Scheduling Order. Accordingly, Plaintiffs' Motion should be denied.

---

[1]    The Albright Plaintiffs are Jeffery D. Albright, Norman T. Boire, Gary M. Dietz, William H. Erdman, Michael W. Fritz, A. Ronald Frombaugh, Ralph A. Harris, Allen W. Landis, Lowell McGuire, Walter R. Minich, Raymond C. Nevins, Stanley L. Nye, Vincent Ramirez, Jr., Keith E. Sgrignoli, Ray G. Snyder, Jr., and Lawrence D. Welker.

## **ARGUMENT**

This Court has broad discretion to determine whether consolidation is appropriate. Richardson v. U.S. Airways Group, Inc., No. Civ. A.01-1260, Civ. A.00-5052; 2001 WL 849701 at *1 (E.D. Pa., July 16, 2001) (Attached hereto as Exhibit A); Bernardi v. City of Scranton, 101 F.R.D. 411, 413 (M.D. Pa 1983). Rule 42(a) of the Federal Rules of Civil Procedure provides:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Fed. R. Civ. P. 42(a).

"The mere existence of common issues does not require consolidation." In re Consolidated Parlodel Litigation, 182 F.R.D. 441, 444 (D.N.J. 1998); see also Bernardi, 101 F.R.D. at 413. Rather, the court should balance "the interests of judicial economy against the potential for new delays, expense, confusion, or prejudice." Consolidated Parlodel Litigation, 182 F.R.D. at 444 (citing Easton & Co. v. Mutual Benefit Ins. Co., 1992 WL 448794, *4 (D.N.J. Nov. 4, 1992). Consolidation is not appropriate when individual issues predominate over common issues of law or fact. Consolidated Parlodel Litigation, 182 F.R.D. at 444.

A.   The Albright and Bechtel Cases Raise Individual Questions
of Fact and Procedure

Contrary to Plaintiffs' assertions, the <u>Albright</u> and <u>Bechtel</u> cases are factually and procedurally different. The primary common ground shared by the Plaintiffs in both cases is their selection of counsel and their claimed basis for recovery (hybrid breach of duty of fair representation/breach of collective bargaining agreement actions). Each case, however, arises from a different factual context, and the evidence supporting the Plaintiffs' allegations in each case differs in several material respects. Consolidation would merely increase the complexity of the cases and create confusion for the trier of fact.

1.   The Albright Plaintiffs and Bechtel Had Different Employers, Held Different Job Classifications, and Had Different Recall Rights

Contrary to Plaintiffs' assertions, these cases do not present "an extensive common 'locus' of issues of law and facts." <u>See</u> Plaintiffs' Motion to Consolidate Cases at 1. Perhaps the greatest distinction between Bechtel and the Albright Plaintiffs is that ABF never employed Bechtel, unlike the Albright Plaintiffs, who do work for ABF. The sixteen Albright Plaintiffs were all over-the-road drivers employed by Carolina Freight Carriers, Inc. ("Carolina") at its Carlisle facility

prior to the facility's closure in May 1995.[2] When the Carlisle facility closed, several of these drivers were laid off, while others transferred to Carolina terminals in Allentown and Baltimore, and subsequently were laid off in September 1995. Between November 1998 and February 1999, each Albright Plaintiff was contacted by ABF and offered an opportunity to transfer to permanent employment at ABF's Carlisle terminal. Each accepted and returned to work at Carlisle. See Brief in Opposition to Motion to Dismiss (Albright) at 2.

In contrast, Plaintiff Bechtel never worked for ABF. Bechtel previously was employed by Carolina Freight as a dockworker, not as an over-the-road driver. Bechtel was laid off by Carolina in May 1995 when Carolina closed its Carlisle terminal. In November 1995, Bechtel was contacted by ABF and offered an opportunity to transfer to permanent employment in his job classification at various locations. He declined this transfer opportunity and was never subsequently employed by ABF in any capacity. See Complaint (Bechtel) at 4-5.

Because Bechtel was a dockworker while the Albright Plaintiffs were over-the-road drivers, Bechtel was never on the same seniority list as the Albright Plaintiffs. And because Bechtel was never employed by ABF, he never appeared

---

[2] This closure occurred prior to Arkansas Best Corporation's, ABF's Parent, acquisition of WorldWay Corporation, Carolina's parent, and the subsequent combination of the ABF and Carolina operations in September of 1995.

on any ABF seniority roster. As a result, the same recall and call board issues do not exist in Bechtel's case.

In addition, Bechtel's recall and transfer rights flowed from a decision of a Change of Operations Committee created pursuant to the terms of the National Master Freight Agreement ("NMFA" or "Agreement"). Conversely, the Albright Plaintiffs, as over-the-road drivers, enjoyed different recall and transfer rights under the terms of the NMFA. For these reasons alone, consolidation is improper. See, e.g., Bailey v. Northern Trust Co., 196 F.R.D. 513, 517 (N.D. Ill. 2000) (granting defendant's motion to sever claims where factual and legal questions between the plaintiffs and defendant were based upon wholly separate acts with respect to each plaintiff even though plaintiffs' claims all rested upon the same general theory of discrimination); Johnson v. Indopco, Inc., 846 F. Supp. 670, 676 (N.D. Ill. 1994)(severing plaintiffs' claims after noting that although the claims may have shared a common question of law, their overall claims did not arise out of the same transactions or occurrences).

    2.    The Processing of the Albright Plaintiffs' Grievances Was Separate and Distinct From the Processing of Bechtel's Grievance

The grievances filed by the Albright Plaintiffs and Bechtel were processed and resolved differently. Between December 1998 and March 1999, most of the

Albright Plaintiffs filed a grievance challenging their seniority status.[3/] Local 776 Business Agent Daniel Virtue processed these grievances. The grievances were heard at the local level and then forwarded to the Eastern Region Joint Area Committee ("ERJAC"), where they were denied as untimely on April 27, 1999.[4/] Decisions of Eastern Region Joint Area Committee (Attached hereto as Exhibits B & C).

In contrast, Bechtel filed a grievance on February 20, 2000 alleging that ABF failed to recall him from an inactive seniority list. Local 776 Business Agent Charles Shughart processed Bechtel's grievance. This grievance was presented to the ERJAC, but was subsequently referred to the Multi-Region Change of Operations Committee for disposition. On October 27, 2000, the Change of Operations Committee heard Bechtel's grievance and denied it on the merits of the case. National Multi-Region, Intermodal, Sleeper Committees (Attached hereto as Exhibit D).

Consolidation would require the parties to present evidence regarding two entirely different sets of facts with respect to the processing of the Albright

---

[3/]   ABF does not have a record that Plaintiff Ronald Frombaugh ever filed a grievance disputing his seniority status following his return to work at ABF.

Plaintiffs' and Bechtel's grievances. This would unnecessarily complicate this case and do nothing to increase efficiency. Although Local 776 handled both matters, the grievances were filed at different times—nearly a year apart, handled by different business agents, and resolved on different grounds. The individual issues in this case clearly predominate over common questions of fact. See Consolidated Parlodel Litigation, 182 F.R.D. 441, 445 (holding that consolidation is not appropriate where individual issues predominate); Bernardi, 101 F.R.D. at 413-414 (denying motion for consolidation where evidence regarding the factual backgrounds of each plaintiff must be presented in addition to evidence regarding common issues). Here, the Albright Plaintiffs are current ABF drivers contesting their placement on a seniority list, while Bechtel is a former Carolina dockworker alleging that ABF improperly refused to hire him. In such circumstances, consolidation clearly is not appropriate. See Johnson, 846 F. Supp. at 676 (severing plaintiffs' claims because, among other things, one plaintiff was a current employee alleging discrimination in denying her a promotion whereas the other plaintiff was a former employee alleging discrimination in failing to offer her a certain position).

---

4/   The Albright Plaintiffs' grievances were consolidated into two pilot cases based on the grievances of Stanley Nye and Norman Runk.

3.  The Albright Case Raises Important Timeliness Issues That Do Not Exist In The Bechtel Case

Issues of timeliness that predominate in the <u>Albright</u> case do not exist in the <u>Bechtel</u> case. <u>Albright</u> presents a two-pronged timeliness question. First, the validity of the Albright Plaintiffs' underlying claim rests, in part, on whether the Albright Plaintiffs filed their grievances within the time specified by the NMFA. Second, Defendants assert as an affirmative defense that the Albright Plaintiffs failed to bring suit in district court within the six month statute of limitations for hybrid breach of contract/breach of the duty of fair representation claims.[5] Neither of these timeliness issues exists in the Bechtel case. Bechtel's grievance was denied on its merits, rather than on timeliness grounds. Furthermore, the timeliness of Bechtel's filing of his district court action is not currently in dispute.

Although these cases share common allegations that Defendant ABF committed a breach of contract and Defendants Local 776 and the IBT breached their duty of fair representation, the evidence and factual support to prove each of these claims differs. Again, individual issues predominate over common questions

---

[5]  This timeliness issue was presented in Local 776, International Brotherhood of Teamsters' Motion to Dismiss, which was granted by this Court on November 13, 2000, and overturned on appeal by a decision of the United States Court of Appeals for the Third Circuit dated December 6, 2001. Because this issue was addressed on a Motion to Dismiss, the parties have not yet had the opportunity to conduct discovery related to the timeliness of the Albright Plaintiffs' Complaint.

of fact, such that consolidation would merely complicate the issues presented in each case. See Consolidated Parlodel Litigation, 182 F.R.D. 441, 445; Bernardi, 101 F.R.D. at 413-414.

Furthermore, proof offered by Bechtel will be relevant to him alone and have no bearing on the Albright Plaintiffs' claims. As a result, ABF faces the risk that it could be unfairly tarnished by the accumulation of proof by one Plaintiff that has no relevance to the other Plaintiffs' claims, and vice versa. See Henderson v. AT&T Corp., 918 F. Supp. 1059, 1063 (S.D. Tex. 1996); Liberty Lincoln Mercury, Inc., 149 F.R.D. 65, 81 (D.N.J. 1993)("where the evidence in one case is not relevant to the issues in the other, consolidation would create a likelihood of prejudice by confusing the issues")(internal quotations omitted). Bechtel and the Albright Plaintiffs should not be able to joyride on each other's claims.

B.  Consolidation of These Cases Will Create Unnecessary Delay and Is Contrary To The Interest Of Judicial Economy

Consolidation of the Albright and Bechtel cases would create unnecessary delay. The Court should recognize this Motion for what it primarily is—an attempt by Bechtel to conduct discovery beyond the time limits imposed by the Court's Scheduling Order in that case. Discovery in the Bechtel case ended April 1, 2002. Defendants completed discovery and are in the process of preparing motions for summary judgment, which must be filed by April 15, 2002. Plaintiff

did not take any depositions or conduct any other discovery in the case.[6] Thus, there is no overlap in discovery between the Albright and Bechtel cases that would be minimized by consolidation.

Consolidation would merely delay the resolution of Bechtel's case, which is ripe for disposition. See Richardson, 2001 WL 849701 at *2 (denying motion for consolidation where discovery period had expired and there was "a realistic concern that consolidation could cause delay, confusion, and prejudice the judicial economy.") Bechtel's counsel should not be allowed to use consolidation as a mechanism for now obtaining discovery, which he failed to take when he had ample opportunity to do so. This ill-disguised attempt to extend the discovery cutoff in the Bechtel case should be rebuffed.

---

[6]  On March 22, 2002, Bechtel's counsel mailed Plaintiff's Interrogatories Directed to Defendants, which counsel for ABF received on March 25, 2002. (Attached hereto as Exhibit E). Discovery in this case, however, closed April 1, 2002 and responses to those Interrogatories are not due until well beyond the discovery cutoff. Accordingly, Plaintiff's interrogatories are untimely pursuant to Rule 33 of the Federal Rules of Civil Procedure. Interestingly, there is a Notice signed by Bechtel's counsel dated March 1, 2002, which simply states that answers must be served on Plaintiff within 30 days from service. The actual Certificate of Service is signed by Tammy L. Kettener, a Paralegal at Ahmad & Mirin, and also is dated March 1, 2002. Yet it purports to serve a Complaint, not Interrogatories. Ms. Ketterer's letter transmitting the interrogatories is dated March 25, 2002.

## CONCLUSION

For the foregoing reasons, Defendant ABF respectfully requests that this Court deny Plaintiffs' Motion for Consolidation.

Respectfully submitted,

_____
Joseph E. Santucci, Jr. (*pro hac vice*)
Mary D. Walsh (*pro hac vice*)
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, N.W.
Washington, DC 20004
(202) 739-5398

Vincent Candiello
MORGAN, LEWIS & BOCKIUS LLP
One Commerce Square
417 Walnut Street
Harrisburg, PA 17101-1904
(717) 237-4000

Attorneys for Defendant
ABF Freight System, Inc.

Dated: April 2, 2002

## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of April, 2002 a copy of ABF Freight System, Inc.'s Opposition to Plaintiff's Motion to Consolidate was served via overnight delivery, on the following:

Robert S. Mirin
AHMAD & MIRIN
8150 Derry Street, Suite A
Harrisburg, PA 17111

James A. McCall
Special Counsel
INTERNATIONAL BROTHERHOOD OF TEAMSTERS
25 Louisiana Avenue, N.W.
Washington, DC 20001

Ira H. Weinstock
Jason M. Weinstock
IRA H. WEINSTOCK, P.C.
800 N. 2nd Street
Harrisburg, PA 17102

_____
Mary D. Walsh
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, N.W.
Washington, DC 20004
(202) 739-5720

Attorney for Defendant
ABF Freight System, Inc.