

ORIGINAL

⊃ f. cv

FILED
HARRISBURG, PA

APR 1 5 2002

MARY E. D'ANDREA, CLERK
Per _____
Deputy Clerk

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

RICKEY A. BECHTEL,                      :
                                        :
                      Plaintiff,        :
                                        :
        vs.                             :
                                        :    No. 1:01-CV-789
                                        :
DANIEL VIRTUE, Business Agent of the    :
International Brotherhood of Teamsters; :    Judge Sylvia H. Rambo
INTERNATIONAL BROTHERHOOD OF            :
TEAMSTERS; LOCAL UNION No. 776,         :
INTERNATIONAL BROTHERHOOD OF            :
TEAMSTERS; and ABF FREIGHT              :
SYSTEM, INCORPORATED,                   :
                                        :
                      Defendants.       :

## BRIEF ON BEHALF OF DEFENDANTS
## DANIEL VIRTUE; INTERNATIONAL BROTHERHOOD
## OF TEAMSTERS; AND LOCAL UNION NO. 776,
## INTERNATIONAL BROTHERHOOD OF TEAMSTERS
## IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

### I. STATEMENT OF THE CASE

Defendants' Statement of Material Facts is hereby incorporated as

Defendants' Statement of the Case.

## II. <u>QUESTIONS PRESENTED</u>

1. Whether Summary Judgment should be granted in favor of Mr. Virtue when Mr. Virtue is an individual officer of Local Union No. 776, Mr. Virtue was not a party to the National Master Freight Agreement and Mr. Virtue was not directly involved in the Plaintiff's grievance?

2. Whether Summary Judgment should be granted in favor of the International Brotherhood of Teamsters when the International Brotherhood of Teamsters is not a party to National Master Freight Agreement and was not involved in the Plaintiff's grievance?

3. Whether Summary Judgment should be granted in favor of the Defendants when Local Union No. 776 processed Plaintiff's grievance up to and including the final step of the grievance process and Local Union No. 776 advocated Plaintiff's position at all times throughout the grievance process?

## III. <u>ARGUMENT</u>

A grant of summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). "The moving party bears the burden of proving that no genuine issue of material fact exists." *Walker v. Pepsi-Cola Bottling Co.*, 200 U.S. District LEXIS 12635, *22 (Del. 2000) citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 n.10, 89 L. Ed. 2d 538, 106 S. Ct. 1348 (1986). "The non-movant's allegations are to be taken as true, and when they 'conflict with those of the

movant, the former must receive the benefit of the doubt.'" *Valhal Corp. v. Sullivan Assocs.*, 44 F.3d 195, 200 (3d. Cir. 1995). "In response to a motion for summary judgment, the nonmoving party must "go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is no genuine issue for trial.'" *Blair*, 2002 U.S. App. LEXIS 4115, *20 (3d. Cir. 2002) citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 91 L.Ed.2d 265, 106 S.Ct. 2548 (1986), Fed. R. Civ. P. 56(e).

**A.    DANIEL VIRTUE IS NOT A PROPER DEFENDANT TO THIS ACTION IN THAT MR. VIRTUE WAS NOT INVOLVED IN OR RESPONSIBLE FOR THE HANDLING OF PLAINTIFF'S GRIEVANCE NOR IS MR. VIRTUE A PARTY TO THE NATIONAL MASTER FREIGHT AGREEMENT.**

Individual union officers are not proper defendants in a duty of fair representation action. *Felice v. Sever*, 985 F.2d 1221, 142 LRRM 2441 (CA 3), *cert. denied*, 509 US 923, 143 LRRM 2696 (1993) (providing that where there is a collective bargaining agreement out of which the damage claim arose, individual union officers have immunity under § 301(b)). Mr. Virtue is not named in the National Master Freight Agreement (hereinafter NMFA) as a party to the NMFA. As such, Mr. Virtue is not a properly named Defendant to this action.

3

Mr. Virtue was not directly involved in the processing of Plaintiff's grievance and at no time represented himself as such.   Plaintiff was unable to articulate any involvement of Mr. Virtue in the handling of Plaintiff's grievance. *See* Bechtel Dep. Tr. p. 170, ll. 12-23.   Moreover, Plaintiff testified at his deposition that he filed the instant lawsuit because Plaintiff disagreed with the decision of the Change of Operations Committee not for the reasons set forth in Plaintiff's Complaint.  *See* Bechtel Dep. Tr. p. 115, 116, ll. 12-25, 1-23.  As such, Mr. Virtue respectfully requests that summary judgment be granted in his favor.

**B.    THE INTERNATIONAL BROTHERHOOD OF TEAMSTERS IS NOT A PROPER DEFENDANT TO THIS ACTION IN THAT THE INTERNATIONAL BROTHERHOOD OF TEAMSTERS IS NOT A PARTY TO THE NMFA AND WAS CONSEQUENTLY NOT INVOLVED IN THE GRIEVANCE PROCESS; THEREFORE, THE INTERNATIONAL BROTHERHOOD OF TEAMSTERS DOES NOT HAVE ANY DUTY TO THE PLAINTIFF.**

Generally, only a labor organization that is the plaintiff's exclusive bargaining representative may be liable for breaching the duty of fair representation. *Karalewitz v. UE & C-Catalytic Co.*, 811 F.Supp. 311, 143 LRRM 2839 (ED Mich, 1993) (providing that a local union owes the duty of fair representation even though the international union was signatory to the labor

agreement). Thus, an international union is not ordinarily a party unless it is the employee's bargaining representative or unless the local union was acting for it or at its direction. *Moore v. Electrical Workers (IBEW) Local 569*, 989 F.2d 1534, 143 LRRM 2016, *amended*, 989 F.2d 1534, 143 LRRM 2723 (CA 9, 1983), *cert. denied*, 510 US 1117, 145 LRRM 2576 (1994) (providing that an international union is not liable as an agent for derelictions of a local union without evidence that the international union instigated, supported, notified, or encouraged the local's activities).

Further, the International Brotherhood of Teamsters (hereinafter IBT) is excluded from the instant action in that the IBT is not a party to the NMFA. Under Article 1, Section 2 of the NMFA, "[t]he Union consists of any Local Union which may become a party to this Agreement and any Supplemental Agreement as hereinafter set forth." In a similar case, where the contract stated that the "National Union Committee and Local Unions . . . are the exclusive representatives of all employees" covered by the Agreement, the Third Circuit held that the contract clearly obligates the local unions, not the National Committee, to process the grievances of all employees within their jurisdiction. *Teamsters Local Union No. 30 v. Helms Express, Inc.*, 591 F.2d 211 (3d. Cir.), *cert. denied*, 444 U.S. 837, 62 L. Ed. 2d 48, 100 S. Ct. 74 (1979). The Third Circuit further held that where

the Local Union has been the exclusive bargaining representative of the individual

plaintiffs, the National Union owes no duty of fair representation to the plaintiffs.

*Id.*

Plaintiff testified that, at no time, did Plaintiff discuss his grievance with

anyone from the IBT nor did Plaintiff consider the IBT responsible for processing

Plaintiff's grievance.  *See* Bechtel Dep. Tr. p. 114, ll. 1-12.  Moreover, Plaintiff

testified at his deposition that he filed the instant lawsuit because Plaintiff

disagreed with the final decision of the Change of Operations Committee not for

the reasons set forth in Plaintiff's Complaint.  *See* Bechtel Dep. Tr. p. 115, 116, ll.

12-25, 1-23.  The IBT is not proper as a named Defendant to this action, as the IBT

is excluded under prevailing case law and not a party to the NMFA.  As such, the

IBT respectfully requests that summary judgment be granted in its favor.

**C.    AN ENTRY OF SUMMARY JUDGMENT IS
APPROPRIATE IN THIS CASE IN THAT DANIEL
VIRTUE, THE IBT, AND LOCAL UNION NO. 776
HAVE NOT BREACHED THE DUTY OF FAIR
REPRESENTATION OR THE CONTRACT.**

Assuming arguendo that Mr. Virtue and the IBT are proper parties to the

instant action, summary judgment should, nevertheless, be granted in their favor

for the same reasons as summary judgment should be granted in favor of Local

Union No. 776, which reasons are set forth below:

**1.    Daniel Virtue, the IBT, and Local Union No. 776 did not breach the duty of fair representation when Daniel Virtue, the IBT, and Local Union No. 776 processed Plaintiff's grievance up to and including the final step in the grievance process.**

In the instant matter, Plaintiff claims that Daniel Virtue, the IBT and Local Union No. 776 breached "its duty of fair representation by mishandling the ensuing grievance or arbitration proceedings." *See* Plaintiff's Complaint at 6.  "The duty of fair representation requires a union 'to serve the interests of all members without hostility or discrimination toward any, to exercise its discretion with complete good faith and honesty, and to avoid arbitrary conduct.'" *Marquez v. Screen Actors Guild*, 525 U.S. 33, 44, 142 L.Ed.2d 242, 119 S.Ct. 292 (1998) citing *Vaca v. Sipes*, 386 U.S. 171, 177, 17 L.Ed.2d 842, 87 S.Ct. 903 (1967).  "In other words, a union breaches the duty of fair representation when its conduct toward a member of the bargaining unit is arbitrary, discriminatory, or in bad faith." *Marquez*, 525 U.S. at 44 citing *Vaca*, 386 U.S. at 190.

Under the arbitrary prong of the tripartite standard invoked by the Supreme Court in *Vaca*, the union's actions breach the duty of fair representation only if, in light of the factual and legal landscape at the time of the union's actions, the union's behavior is so far outside a "wide range of reasonableness," as to be irrational. *Air Line Pilot's Ass'n, Int'l v. O'Neill*, 499 U.S. 65, 67, 113 L.Ed.2d 51, 111 S.Ct. 1127 (1991) citing *Ford Motor Co. v. Huffman*, 345 U.S. 330, 338

(1953).  "A union's conduct can be classified as arbitrary only when it is irrational, when it is without a rational basis or explanation."  *Id.* at 46.  Further, in order to establish a lack of good faith, there must be evidence of fraud, deceitful action, or dishonest conduct by the union.  *Schmidt v. Electrical Workers (IBEW) Local 949*, 980 F.2d 1167, 141 LRRM 3004 (CA 8, 1982).

In the instant matter, Plaintiff claims that Daniel Virtue, the IBT, and Local Union No. 776 violated the duty of fair representation in that Daniel Virtue, the IBT, and Local Union No. 776 allegedly refused to "process Plaintiff's grievance up to and including arbitration proceedings and failed to fairly represent Plaintiff." *See* Plaintiff's Complaint at 7.  Under the tripartite standard, Daniel Virtue, the IBT, and Local Union No. 776's handling of Plaintiff's grievance is far from arbitrary, discriminatory, or in bad faith.  Plaintiff's grievance was thoroughly and diligently processed throughout the grievance process.  At each level of the process, Local Union No. 776 Business Agent Charles Shughart (hereinafter Business Agent Shughart) kept Plaintiff informed as to all of the details of Plaintiff's case.  *See* Bechtel Exhibit Nos. 10, 12, 13, 16, 18, 19, 22, 23, 26, 28, 29. In fact, Plaintiff testified as to such at Plaintiff's deposition.  *See* Bechtel Dep. Tr. pp. 167, 169, 170, 183, 184, ll. 22-25, 21-25, 1, 23-25, 1-8.

Daniel Virtue, the IBT, and Local Union No. 776's conduct in handling Plaintiff's grievance is far from unreasonable or irrational. Business Agent Shughart was considerate of Plaintiff's plight throughout the grievance process. In fact, Plaintiff testified that Business Agent Shughart did a thorough job in preparing Plaintiff's case and responded to Plaintiff's requests in a timely manner. *See* Bechtel Dep. Tr. pp. 111, 117, ll. 7-15,13-15. Plaintiff attended each hearing and testified at his deposition that Plaintiff did not have any further information to add to that which Business Agent Shughart presented at the hearings. *See* Bechtel Dep. Tr. pp. 116,117,153, 154, ll. 24-25, 1-9, 1-25, 1-12. Plaintiff also testified that he did not have any complaints with the manner in which Business Agent Shughart prepared and processed Plaintiff's case. *See* Bechtel Dep. Tr. pp. 117, 118, ll. 24-25, 1-3. Considering Plaintiff's testimony combined with the numerous letters between Plaintiff and Business Agent Shughart, and his diligent attention to the processing of Plaintiff's grievance, Plaintiff's claim that Daniel Virtue, the IBT, and Local Union No. 776 breached the duty of fair representation is beyond all reason.

Under long-standing United States Supreme Court precedent, a Union is not even required to pursue every grievance, or seek every available remedy, simply because the member wants the Union to do so. *Vaca v. Sipes*, 386 U.S. 171

(1967). A Union member does not have an absolute right to have his grievance taken to arbitration. *Vaca*, 386 U.S. at 190. Nor is the adequacy of a Union's actions in negotiating or settling a grievance measured by the sufficiency of the outcome. *Air Line Pilots Ass'n v. O'Neill*, 499 U.S. 65, 113 L. Ed. 2d 51, 111 S. Ct. 1127 (1999). It is well-settled that Unions enjoy considerable discretion in handling the grievances of their members. *Walker v. Pepsi-Cola Bottling Co.*, 2000 U.S. Dist. LEXIS 12635, * 31 (3d. Cir. 2000) citing *Air Line Pilots Ass'n*, 499 U.S. at 67. This discretion includes the Union's right to make a determination of whether to settle, or decline to pursue a grievance, and on what terms it will do so. *Electrical Workers (IBEW) v. Foust*, 442 U.S. 42 (1979).

In the instant matter, under the NMFA, the Change of Operations Committee is the final authority in the grievance process.[1] *See* Exhibit G attached to Shughart's Affidavit. Such committees as the Change of Operations Committee are equated to third party arbitrators and accorded the same amount of deference by the courts. The Third Circuit has held that it is not arbitration per se that federal policy favors, but rather final adjustment of differences by a means selected by the

---

[1] Article 8, Section 6 – Change of Operations provides, in relevant part: (a) Present terminals, breaking points or domiciles shall not be transferred, changed or modified without the approval of an appropriate Change of Operations Committee. The Change of Operations Committee shall have the authority to determine the seniority of the employees affected and such determination shall be final and binding. *See* Exhibit G attached to Shughart's Affidavit.

parties. *Graphics Communications International Union, Local 735-S v. North Am. Directory Corp. II*, 98 F.3d 97, 101 n.5, 1996 U.S. App. LEXIS 27182, 153 L.R.R.M. 2592, 132 Lab. Cas. (CCH) P11,691 (3d. Cir. 1996) citing *Teamsters Local Union No. 30 v. Helms Express, Inc.*, 591 F.2d 211, 216 (3d. Cir.), *cert. denied*, 444 U.S. 837, 62 L. Ed. 2d 48, 100 S. Ct. 74 (1979). If the parties agree that a procedure other than arbitration shall provide a conclusive resolution of their differences, federal labor policy encourages that procedure no less than arbitration. *Graphics Communications Int'l Union, Local 735-S*, 98 F.3d at 101 n.5. A determination made pursuant to that chosen procedure is not less enforceable in a federal court than is an arbitration award. *Id.* An award by a joint Union employer committee is entitled to identical deference as an award granted by a third party arbitrator. *Id.* citing *Helms Express, Inc.*, 591 F.2d at 216. As such, the Change of Operations Committee's decision, in the instant matter, is to be accorded the same deference as that of a third party arbitrator.

Plaintiff claims that Daniel Virtue, the IBT, and Local Union No. 776 refused "to further process Mr. Bechtel's grievance up to and including arbitration proceedings." *See* Plaintiff's Complaint at 7. The Change of Operations Committee, as provided for in the NMFA, is the final and binding authority in the grievance process. *See* Bechtel Exhibit No. 32. In fact, Plaintiff testified that he

was not aware of any other avenues through which to appeal his grievance. *See* Bechtel Dep. Tr. p. 154, ll. 10-12. Daniel Virtue, the IBT, and Local Union No. 776 did not breach the duty of fair representation in that Daniel Virtue, the IBT, and Local Union No. 776 processed Plaintiff's grievance up to and including the final step. Thus, considering the discretion that Unions enjoy in handling the grievances of their members combined with the fact that Daniel Virtue, the IBT, and Local Union No. 776, in the instant matter, adequately and fairly processed Plaintiff's grievance up to and including the final step, Daniel Virtue, the IBT, and Local Union No. 776 have not breached the duty of fair representation.

**2.    Daniel Virtue, the IBT, and Local Union No. 776 have not breached the contract in that Daniel Virtue, the IBT, and Local Union No. 776 advocated Plaintiff's position under the contract throughout the grievance process.**

In a typical § 301 claim, the employee sues the Union for breach of its duty of fair representation and the employer for breach of the collective bargaining agreement. *Walker v. Pepsi-Cola Bottling Co.*, 2000 U.S. Dist. LEXIS 12635, * 30 (3d. Cir. 2000) citing *Vadino v. A. Valey Eng'rs*, 903 F.2d 253, 260 (3d Cir. 1990). In the instant matter, Plaintiff, however, has sued both the Company and the Union under Plaintiff's breach of contract claim. Plaintiff alleges that "[t]he employer's

course of conduct and action has been condoned and ratified by the Local Union." *See* Plaintiff's Complaint at 6.

It goes against all logic to allege that Daniel Virtue, the IBT, and Local Union No. 776 have breached the contract when Daniel Virtue, the IBT, and Local Union No. 776 advocated Plaintiff's position throughout the grievance process. Business Agent Shughart advocated Plaintiff's position not only in written argument, but also in the presentation of Plaintiff's case at each hearing. For instance, Business Agent Shughart states in Plaintiff's brief that "Mr. Bechtel should b[e] entitled to recall rights under Article 5, Section 2." *See* Bechtel Exhibit No. 23.

Plaintiff was also involved in the presentation of Plaintiff's case at each level of the grievance process. *See* Bechtel Dep. Tr. p. 117, ll. 10-12. Plaintiff testified that Business Agent Shughart did a very thorough job in preparing Plaintiff's case. *See* Bechtel Dep. Tr. p. 117, 118 ll. 13-25, 1-3. Moreover, Daniel Virtue, the IBT, and Local Union No. 776 within their discretion handled Plaintiff's grievance and advocated Plaintiff's position through to the Change of Operations Committee, which Committee is the final and binding authority in the grievance process. As such, Daniel Virtue, the IBT, and Local Union No. 776 did not breach the contract in that Daniel Virtue, the IBT, and Local Union No. 776

advocated Plaintiff's position throughout the grievance process including the final step.

## IV.  **CONCLUSION**

In light of the foregoing, Daniel Virtue, the IBT, and Local Union No. 776 respectfully request that this Honorable Court enter summary judgment in favor of Daniel Virtue, the IBT, and Local Union No. 776.

Respectfully Submitted,

**IRA H. WEINSTOCK, P.C.**
800 North Second Street
Harrisburg, PA  17102
Phone:  717-238-1657

By: *Ira H. Weinstock*
IRA H. WEINSTOCK
Attorney I.D. No. 01602

By: *[signature]*
JASON M. WEINSTOCK
Attorney I.D. No. 69272

14

## CERTIFICATE OF SERVICE

I, Ira H. Weinstock, Esquire, hereby certify that upon the date stated below, I served the attached Defendants', Daniel Virtue, the International Brotherhood of Teamsters and International Brotherhood of Teamsters Local Union No. 776, Brief in Support of Motion for Summary Judgment upon the persons named below, at the stated addresses, by first class postage paid United States mail.

Robert S. Mirin, Esquire
**AHMAD & MIRIN**
8150 Derry Street, Suite A
Harrisburg, PA 17111

James A. McCall, Esquire
International Brotherhood of Teamsters
25 Louisiana Avenue, N.W.
Washington, D.C. 20001

Vincent Candiello, Esquire
**MORGAN, LEWIS & BOCKIUS, L.L.P.**
One Commerce Square
417 Walnut Street
Harrisburg, PA 17101-1904

Joseph E. Santucci, Jr., Esquire
Mary D. Walsh, Esquire
MORGAN, LEWIS & BOCKIUS
1111 Pennsylvania Avenue, N.W.
Washington, D.C. 20004

IRA H. WEINSTOCK

Dated: April 15, 2002