270 ct

ORIGINAL



RB 6/17/0

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| **RICKEY A. BECHTEL,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) |
| | ) |
| **DANIEL A. VIRTUE, Business Agent of the** | ) |
| **International Brotherhood of Teamsters;** | ) |
| **INTERNATIONAL BROTHERHOOD OF** | ) |
| **TEAMSTERS; LOCAL 776,** | ) |
| **INTERNATIONAL BROTHERHOOD OF** | ) |
| **TEAMSTERS; ABF FREIGHT SYSTEM,** | ) |
| **INCORPORATED,** | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

**FILED**
HARRISBURG, PA

JUN 1 4 2002

MARY E. D'ANDREA, CLERK
Per _____
Deputy Clerk

Case No. 1:01-CV-789
Judge Sylvia H. Rambo

## REPLY IN SUPPORT OF ABF FREIGHT SYSTEM, INC.'S
## <u>MOTION FOR SUMMARY JUDGMENT</u>

Pursuant to Rule 56 of the Federal Rules of Civil Procedure and Local Rule

7.7 of the Middle District of Pennsylvania, Defendant ABF Freight System, Inc.

("ABF") hereby files this Reply in Support of its Motion for Summary Judgment.

## I.    INTRODUCTION

After sifting through Plaintiff's convoluted Response in Opposition to Defendant ABF's Motion for Summary Judgment ("Opposition"), it remains evident that Plaintiff has presented no evidence to support his "hybrid" breach of contract claim against Defendant ABF and breach of the duty of fair representation claim against Defendants Daniel A. Virtue ("Virtue"), Local 776, International Brotherhood of Teamsters ("Local 776"), and the International Brotherhood of Teamsters ("IBT")(collectively "Union Defendants").  Accordingly, this Court should grant Summary Judgment in favor of all Defendants.

## II.    ARGUMENT

In his Opposition, Plaintiff attempts to avoid a grant of summary judgment by arguing that "several areas of material facts" are disputed, thus rendering summary judgment inappropriate.  Plaintiff's assertions are unsupported by the record.

### A.    Plaintiff Fails to Raise Any Genuine Issues of Material Fact

In his Response to Statement of Undisputed Material Facts Submitted in Support of Defendant ABF's Motion for Summary Judgment ("Pl. Facts"), Plaintiff admits or agrees to all facts sufficient to support an entry of summary judgment in this case.  (Pl. Facts ¶¶ 1-10; 12; 14-23; 25-27) Although Plaintiff makes additional averments in an attempt to generate factual disputes where there

are none, these averments are unsupported by the record, do not relate to matters material to the disposition of this matter, or simply are not statements of fact.[1/]   In total, Plaintiff only controverts portions of three paragraphs of ABF's Statement of Undisputed Material Facts ("ABF Facts").  An analysis of these three paragraphs, however, reveals no disputed material facts that would preclude an entry of summary judgment.

In paragraph 11, Plaintiff alleges no facts that conflict with ABF's statement that Carolina Freight ("Carolina") closed its Carlisle terminal in May 1995, five months prior to the ABF/Carolina Merger or that Carolina's Carlisle terminal was not merged with any ABF terminal.  (Compare Pl. Facts ¶11 with ABF Facts ¶11).  Plaintiff's claim that Exhibit A to ABF's Proposed Seniority Application "should have included Plaintiff" is a statement of Plaintiff's position, not a statement of fact.  Furthermore, the fact that other Carolina Freight employees were offered jobs at ABF in no way conflicts with ABF's statements of fact.  ABF has maintained throughout this litigation that former Carolina employees at Carlisle had transfer rights under Article 5, Section 5 of the NMFA.  ABF Facts ¶12.

---

[1/]     Although ABF maintains that Plaintiff's averments are immaterial for the purpose of deciding ABF's Motion for Summary Judgment, ABF does not concede that Plaintiff's statements are correct, and reserves the right to challenge such statements in future proceedings, if necessary.

Similarly, Plaintiff's assertions in Paragraph 13 of his Response to ABF's Facts do not controvert the facts that: (1) the ABF/Carolina merger was completed on September 25, 1995; (2) that in October 1995, Local 776 sent a letter to all former Carolina Carlisle employees, including Bechtel, informing them that pursuant to the decision of the Multi-Region Change of Operations Committee ("Committee"), they had transfer rights under Article 5, Section 5 of the NMFA; or (3) that Bechtel filled out the form attached to this letter to request work opportunities under Article 5, Section 5.  (Compare Pl. Facts ¶13 with ABF Facts ¶13).  Although Plaintiff controverts whether Plaintiff was "clearly advised that he had to submit or seek any additional information from ABF concerning the recall rights under the agreement," this is not a fact relied upon by ABF in support of its motion for summary judgment, and not material to this case.  Furthermore, nothing in ABF's Proposed Seniority Application, cited by Plaintiff, conflicts with the statements in the Affidavit of Steven J. Froias, cited in Paragraph 13 of ABF's Facts.  ("Froias Aff." ¶6, 11); See also NMFA Article 5, Section 5.

Plaintiff's statements in Paragraph 24 of his Facts do not controvert the undisputed fact that the Multi-Region Change of Operations Committee denied Bechtel's grievance or that the stated reason for that denial was "[i]n accordance with the Decision rendered by the Change of Operations Committee in MR-CO-38-9/95" (Compare Pl. Facts ¶24 with ABF Facts ¶24); Froias Aff. ¶16; Exhibit F.

4

Plaintiff's remaining assertions in Paragraph 24 are not statements of fact, but rather arguments in support of his position.

Additionally, Plaintiff's averments suggesting that ABF utilized a grievance procedure different from that mandated by the NMFA, or did not apply the appropriate version of the NMFA are without basis in fact.   (Pl. Facts ¶¶ 3, 8, 26). Plaintiff's grievance was processed pursuant to the grievance procedures set forth in Article 7, Section 1(b) and Article 8 of the April 1, 1998-March 31, 2003 NMFA.  See Affidavit of Charles W. Shughart ("Shughart Aff." ¶13).  Plaintiff's assertion that the current NMFA does not provide a mechanism for resolving grievances arising from a prior NMFA is expressly contradicted by the terms of the NMFA.  Article 8, Section 7 of the 1998-2003 NMFA states:

> Any grievance committee or panel, as constituted under this Agreement, shall have the jurisdiction and power to decide grievances which arose under the preceding agreements and supplements thereto.  In doing so, the committees or panels shall follow the grievance procedure set forth in the 1998-2003 Agreement, but apply the contract under which the grievance arose.

ABF and Local 776 followed this procedure in Bechtel's case.  Shughart Aff. ¶13; Froias Aff. ¶¶ 13-15.

An examination of the facts submitted by all parties makes it clear that there is no dispute as to the material facts of this case that would preclude an entry of summary judgment for all Defendants.

B.    Plaintiff Presents No Evidence To Support His Hybrid Section 301
      Breach of the Collective Bargaining Agreement/Breach of the Duty of
      Fair Representation Claim

Lacking any evidence in support of his claim, Plaintiff patches together a

collection of citations from various "hybrid" Section 301 breach of contract/breach

of duty of fair representation cases addressing issues totally unrelated to those

presented in this case, and instead relies on them for support.  Opposition pp. 3-5,

7-9.  Conspicuously absent from Plaintiff's Opposition is any evidence or legal

precedent to support a holding that Virtue, Local 776, or the IBT breached their

duty of fair representation or that ABF breached the terms of the NMFA.  Plaintiff

has failed to demonstrate that there are any genuine issues of material fact, and

Defendants are entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(c);

Celotex Corp. v Catrett, 477 U.S. 317, 322 (1986).

1.    Breach of Duty of Fair Representation

As detailed in ABF's Motion for Summary Judgment, to establish a breach

of the duty of fair representation, a plaintiff must show that the "union's conduct

toward a member of the collective bargaining unit is arbitrary, discriminatory, or in

bad faith." Vaca v. Sipes, 386 U.S. 171, 190 (1967).  A union's actions are

considered arbitrary only if "in light of the factual and legal landscape" they are

"so far outside a wide range of reasonableness as to be irrational." Air Line Pilots

v. O'Neill, 499 U.S. 65, 67 (1991); see Garcia v. Zenith Electronics Corp., 58 F.3d

6

1171, 1176 (7th Cir. 1995); Johnson v. United Steelworkers of America, 843 F.

Supp 944, 946 (M.D. Pa. 1994). Plaintiff has presented absolutely no evidence to

show that the Union Defendants acted arbitrarily, discriminatorily, or in bad faith.

In fact, the evidence in the record conclusively demonstrates that Local 776 fairly

represented Plaintiff at all stages of the grievance process and exhausted all

contractually available forums for obtaining a resolution of Plaintiff's grievance.

See Memorandum of Points and Authorities In Support of ABF's Motion for

Summary Judgment ("ABF Motion") at 7-10. Plaintiff's belief that the Union

acted unfairly and his allegation that he was not advised of the basis for the

disposition of his grievance are insufficient to survive a Motion for Summary

Judgment. The law is clear that a "nonmoving party cannot rely upon conclusory

allegations in its pleadings or in memoranda and briefs to establish a genuine issue

of material fact." Pastore v. Bell Telephone Co. of Pennsylvania, 24 F.3d 508, 511

(3d Cir. 1994); see Matsushita Electric Indus. Co., Ltd. v. Zenith Radio Corp., 475

U.S. 574, 586 (1986).

Furthermore, even if Plaintiff's conclusory allegations are taken as true, they

do not sustain a cause of action for breach of the duty of fair representation.

Unions have significant discretion in processing a member's grievance. See

Walker v. Pepsi-Cola Bottling Co., 2000 U.S. Dist LEXIS 12635 *31 (3d Cir.

2000). A union will not be found to have violated its duty of fair representation

even if it refuses to process a grievance, acts negligently in processing a grievance, or abandons a grievance, absent a finding that it acted arbitrarily, discriminatorily, or in bad faith.  See Bazarte v. United Transportation Union, 429 F.2d 868, 872 (3d Cir. 1980)(holding that union did not breach its duty of fair representation where representative argued case at local grievance committee hearing and elected not to pursue the grievance further after determining that plaintiff's case was hopeless); Johnson v. United Steelworkers of America, 843 F. Supp. 944, 946 (M.D. Pa. 1994)("mere negligence or incompetence of union representatives is insufficient for making out a hybrid §301 case").  There is simply no evidence to show that the Union Defendants acted arbitrarily, discriminatorily, or in bad faith.  And, in the absence of such a finding, Plaintiff's claims against ABF cannot proceed.  See Hines v. Anchor Motor Freight, Inc., 424 U.S. 554, 567-68 (1976); DelCostello v. Int'l Bhd. of Teamsters, 462 U.S. 151, 164-65 (1983).  Accordingly, summary judgment should be granted for all Defendants.

> 2.    Plaintiff Has Presented No Evidence To Establish That ABF
>        Breached the NMFA

Plaintiff fails to provide any evidence to support his claim that ABF breached the terms of the NMFA.  First, as demonstrated above, Plaintiff cannot establish that the Union Defendants breached their duty of fair representation. Accordingly, the final and binding decision of the Multi-Region Change of Operations Committee denying Plaintiff's grievance must be upheld and is

immune from challenge.  See Hines, 424 U.S. at 567; Griesmann v. Chemical

Leaman Tank Lines, Inc., 776 F.2d 66, (3d Cir. 1985)(stating that the district court

must defer to a joint committee decision unless the union breached its duty of fair

representation before the committee).

Second, Plaintiff has failed to present any evidence to show that ABF

violated the NMFA when it afforded Plaintiff transfer rights under Article 5,

Section 5 of the NMFA, in accordance with the September 19, 1995 decision of the

Multi-Region Change of Operations Committee.  In several instances, Plaintiff

even appears to concede that his rights were governed by Article 5, Section 5.  See

Pl. Facts ¶¶9, 17, 21, Opposition at 4 ¶2.  Plaintiff's conclusory statements that he

was entitled to different recall and seniority rights under the contract are

unsupported by the record and insufficient to avoid summary judgment.  See

Matsushita Electric, 475 U.S. at 586.

Plaintiff's Opposition attempts to flood the record with unsupported

conclusory allegations in the hope of manufacturing a controverted issue of fact to

avoid summary judgment.  Plaintiff's attempts must fail.  As the record makes

clear, this case presents no genuine issue of material fact, and Defendant ABF is

entitled to judgment as a matter of law.

9

## V.    CONCLUSION

For the foregoing reasons, Defendant ABF respectfully requests that this
Court grant ABF's Motion for Summary Judgment and dismiss Plaintiff's claims
in their entirety, with prejudice.

Respectfully submitted,

Vincent Candiello
MORGAN, LEWIS & BOCKIUS LLP
One Commerce Square
417 Walnut Street
Harrisburg, PA 17101-1904
(717) 237-4000

Joseph E. Santucci, Jr. (*pro hac vice*)
Mary D. Walsh (*pro hac vice*)
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, N.W.
Washington, DC 20004
(202) 739-5398

Attorneys for Defendant
ABF Freight System, Inc.

Dated: June 13, 2002

## CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of June 2002, a copy of ABF Freight

System, Inc.'s Reply in Support of Motion for Summary Judgment was served via

first class mail on the following:

> Robert S. Mirin
> AHMAD & MIRIN
> 8150 Derry Street, Suite A
> Harrisburg, PA 17111
>
> James A. McCall
> Special Counsel
> INTERNATIONAL BROTHERHOOD OF TEAMSTERS
> 25 Louisiana Avenue, N.W.
> Washington, DC 20001
>
> Ira Weinstock
> Jason Weinstock
> IRA WEINSTOCK, P.C.
> 800 N. 2nd Street
> Harrisburg, PA 17102
>
>
> _____
> Mary D. Walsh
> MORGAN, LEWIS & BOCKIUS LLP
> 1111 Pennsylvania Avenue, N.W.
> Washington, DC 20004
> (202)739-5720
> Attorney for Defendant
> ABF Freight System, Inc.