ORIGINAL

(43)

RB 6/17/0

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

FILED
HARRISBURG, PA

JUN 1 4 2002

MARY E. D'ANDREA, CL
Per _____
          Deputy Clerk

RICKEY A. BECHTEL,                    :
                                       :
                    Plaintiff,         :
                                       :
                                       :
    vs.                                :
                                       :   No. 1:01-CV-789
DANIEL VIRTUE, Business Agent of the   :
International Brotherhood of Teamsters; :   Judge Sylvia H. Rambo
INTERNATIONAL BROTHERHOOD OF           :
TEAMSTERS; LOCAL 776,                  :
INTERNATIONAL BROTHERHOOD OF           :
TEAMSTERS; and ABF FREIGHT             :
SYSTEM, INCORPORATED,                  :
                                       :
                    Defendants.        :

## DEFENDANTS', DANIEL VIRTUE; INTERNATIONAL BROTHERHOOD OF TEAMSTERS; AND LOCAL UNION NO. 776, INTERNATIONAL BROTHERHOOD OF TEAMSTERS, REPLY TO PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Defendants Daniel Virtue, International Brotherhood of Teamsters, and

Local Union No. 776 (hereinafter referred to collectively as Defendants) file this

Reply Brief to respond to Plaintiff's assertions that (1) Defendants "improperly

processed Plaintiff's grievance; Defendants failed to articulate or state any basis for the disposition of Plaintiff's grievance; and the ERJAC decision as reflected in the submission form is ambiguous and states no disposition;" (2) "defendants' collective machinations have deprived him of a full grievance process review under Article 8 of the collective bargaining agreement;" (3) "no independent, final and binding arbitration occurred;" (4) "Defendants' use of the National Change of Operations Committee deprived Plaintiff of any access to independent binding arbitration;" (5) that the Union does not have an "administrative or support structure" in place for Plaintiff; and (6) "the International Brotherhood of Teamsters' grievance procedure is much more complex and multi-faceted than the general, straight line, grievance arbitration procedures found in most labor agreements." *See* Plaintiff's Brief in Response to Defendants' Motion for Summary Judgment at pp. 2, 3, 4, 5, 6, 8, 9.

First, Plaintiff alleges that Defendants "improperly processed Plaintiff's grievance; failed to articulate or state any basis for the disposition of Plaintiff's grievance; and the ERJAC decision as reflected in the submission form is ambiguous and states no disposition." As set forth in Defendants' previous brief in support of its Motion for Summary Judgment, Plaintiff was kept fully informed of the status of Plaintiff's grievance at each level of the grievance process.

2

Defendants' previous brief documents the correspondence between Plaintiff and Business Agent Shughart in regard to Plaintiff's grievance.  As to Plaintiff's allegation that Plaintiff was not advised of the basis for the disposition of his grievance, Local Union No. 776 is not responsible for writing the decision of the ERJAC or any other arbitral entity for that matter.  Moreover, Local Union No. 776 cannot be guilty of failing to articulate or state any basis for the disposition of Plaintiff's grievance when the arbitral entity (i.e., ERJAC) has no obligation to explain their decision.  *Exxon Shipping Company v. Exxon Seaman's Union*, 1996 U.S. App. LEXIS 381, 73 F.3d 1287, 1297, 151 L.R.R.M. 2161 (3d. Cir. 1996) (providing that arbitrators have no obligation to explain their reasons for an award or even write an opinion unless the contract so requires).

Second, Plaintiff alleges that "defendants' collective machinations  have deprived him of a full grievance process review under Article 8 of the collective bargaining agreement."  This argument is without merit in that Local Union No. 776 processed Plaintiff's grievance in accordance with Article 8 of the National Master Freight Agreement (hereinafter NMFA) for the period of April 1, 1994 to March 31, 1998.  *See* Bechtel Exhibit No. 32.  Not only was Plaintiff granted the full opportunities and advantages of each and every step of the grievance process

under Article 8 of the NMFA, but also Plaintiff was kept abreast of each step of the grievance process.

Third, Plaintiff alleges that no independent, final and binding arbitration occurred in Plaintiff's case. *See* Plaintiff's Brief in Response to Defendants' Motion for Summary Judgment at p. 4. This argument is without merit. Under long-standing United States Supreme Court precedent, a Union is not required to pursue every grievance, or seek every available remedy, simply because the member wants the Union to do so. *Vaca v. Sipes*, 386 U.S. 171 (1967). A Union member does not have an absolute right to have his grievance taken to arbitration. *Vaca*, 386 U.S. at 190. Nor is the adequacy of a Union's actions in negotiating or settling a grievance measured by the sufficiency of the outcome. *Air Line Pilots Ass'n v. O'Neill*, 499 U.S. 65, 113 L. Ed. 2d 51, 111 S. Ct. 1127 (1999). It is well-settled that Unions enjoy considerable discretion in handling the grievances of their members. *Walker v. Pepsi-Cola Bottling Co.*, 2000 U.S. Dist. LEXIS 12635, * 31 (3d. Cir. 2000) citing *Air Line Pilots Ass'n*, 499 U.S. at 67. This discretion includes the Union's right to make a determination of whether to settle, or decline to pursue a grievance, and on what terms it will do so. *Electrical Workers (IBEW) v. Foust*, 442 U.S. 42 (1979). Nevertheless, Local Union No. 776 pursued Plaintiff's grievance to the final step of the grievance process.

In the instant matter, under the NMFA, the Change of Operations Committee is the final authority in the grievance process. Such committees as the Change of Operations Committee are equated to third party arbitrators and accorded the same amount of deference by the courts. The Third Circuit has held that it is not arbitration per se that federal policy favors, but rather final adjustment of differences by a means selected by the parties. *Graphics Communications International Union, Local 735-S v. North Am. Directory Corp. II*, 98 F.3d 97, 101 n.5, 1996 U.S. App. LEXIS 27182, 153 L.R.R.M. 2592, 132 Lab. Cas. (CCH) P11,691 (3d. Cir. 1996) citing *Teamsters Local Union No. 30 v. Helms Express, Inc.*, 591 F.2d 211, 216 (3d. Cir.), *cert. denied*, 444 U.S. 837, 62 L. Ed. 2d 48, 100 S. Ct. 74 (1979). If the parties agree that a procedure other than arbitration shall provide a conclusive resolution of their differences, federal labor policy encourages that procedure no less than arbitration. *Graphics Communications Int'l Union, Local 735-S*, 98 F.3d at 101 n.5. A determination made pursuant to that chosen procedure is not less enforceable in a federal court than is an arbitration award. *Id.* An award by a joint Union employer committee is entitled to identical deference as an award granted by a third party arbitrator. *Id.* citing *Helms Express, Inc.*, 591 F.2d at 216. As such, the Change of Operations Committee's decision, in

5

the instant matter, is to be accorded the same deference as that of a third party arbitrator.

Fourth, Plaintiff alleges that "Defendants' use of the National Change of Operations Committee deprived Plaintiff of any access to independent binding arbitration." *See* Plaintiff's Brief in Response to Defendants' Motion for Summary Judgment at p. 9. Notwithstanding the amount of discretion that is within the Union's purview in handling a grievance, Local Union No. 776 handled Plaintiff's grievance all the way through to the Change of Operations Committee, which Committee is the final step in the grievance process. The Change of Operations Committee is the final step in the grievance process as to Plaintiff's grievance in that Plaintiff's grievance involved a question of interpretation of the NMFA. As such, "Defendants use of the National Change of Operations Committee" did not deprive Plaintiff of access to "independent binding arbitration." *See* Plaintiff's Brief in Response to Defendants' Motion for Summary Judgment at p. 9. It is also significant to note that Plaintiff has at no point cited to any provision of the NMFA that Local Union No. 776 did not pursue in handling Plaintiff's grievance.

Not only was Plaintiff's grievance properly processed under Article 8 of the NMFA, but also Business Agent Shughart provided Plaintiff with timely and responsive information in regard to Plaintiff's grievance. Plaintiff also alleges that

Local Union No. 776 breached the NMFA. This proposition goes against all logic in that Local Union No. 776 advocated Plaintiff's position throughout the grievance process. Plaintiff asserted in his grievance that his rights had been violated under Article 5, Section 2 of the NMFA. Throughout the grievance process, Local Union No. 776 advocated Plaintiff's position that Plaintiff's rights had been violated under Article 5, Section 2 of the NMFA. Local Union No. 776 did not breach the NMFA.

Fifth, Plaintiff alleges that the Union does not have an "administrative or support structure" in place for Plaintiff and that "the International Brotherhood of Teamsters' grievance procedure is much more complex and multi-faceted than the general, straight line, grievance arbitration procedures found in most labor agreements." There is no basis to these allegations in that Business Agent Shughart handled Plaintiff's grievance competently and effectively throughout the grievance process and the grievance arbitration procedure is completely and fully outlined in the NMFA. In addition to having no merit, the above arguments are not relevant to the instant matter.

Lastly, under U.S. District Court – Middle District Local Rule 56.1, "[s]tatements of material facts in support, or in opposition to, a motion shall include references to the parts of the record that support the statements."

Plaintiff's Brief in Reply to Defendants' Motion for Summary Judgment does not contain any citations to the record. While admitting most of the undisputed facts, Plaintiff's response to Defendant's statement of undisputed material facts provides minimal citations and on most occasions no citations to the record in support of its various contentions. Additionally, Plaintiff repeatedly makes allegations in its brief without any support or citation to the record. As such, even if Plaintiff's "allegations" had merit, these allegations should be dismissed in that Plaintiff has failed to cite to any evidence to support his position.

In summary, Defendants have not breached the duty of fair representation in that Defendants have served the interests of Plaintiff without hostility or discrimination, exercised their discretion with complete good faith and honesty, and avoided arbitrary conduct.'" *Marquez v. Screen Actors Guild*, 525 U.S. 33, 44, 142 L.Ed.2d 242, 119 S.Ct. 292 (1998) citing *Vaca v. Sipes*, 386 U.S. 171, 177, 17 L.Ed.2d 842, 87 S.Ct. 903 (1967). The Defendants' conduct toward Plaintiff has been in no way arbitrary, discriminatory, or in bad faith. *Marquez*, 525 U.S. at 44 citing *Vaca*, 386 U.S. at 190. Here, Defendants' conduct was reasonable in all respects in that Defendants handled Plaintiff's grievance in accordance with the grievance process as outlined in Article 8 of the NMFA.

In light of the foregoing and Defendants' previously filed pleadings in this regard, Daniel Virtue[1], the IBT[2], and Local Union No. 776 respectfully request that this Honorable Court enter summary judgment in favor of Daniel Virtue, the IBT, and Local Union No. 776.  As no genuine issue of material fact exists to support a claim that Defendants breached the duty of fair representation or the NMFA, summary judgment should be granted in Defendants' favor.

Respectfully Submitted,

**IRA H. WEINSTOCK, P.C.**
800 North Second Street
Harrisburg, PA 17102
Tele.  717-238-1657

By: _____
     IRA H. WEINSTOCK
     Attorney I.D. No. 01602

By: _____
     JASON M. WEINSTOCK
     Attorney I.D. No. 69272

---

[1] Plaintiff does not address in his reply brief any reason why Daniel Virtue is an appropriate party.  As such, Mr. Virtue's Motion for Summary Judgment should be granted.
[2] Plaintiff does not address in his reply brief any reason why the IBT is an appropriate party.  As such, the IBT's Motion for Summary Judgment should be granted.

9

## <u>CERTIFICATE OF SERVICE</u>

     I, Jason M. Weinstock, Esquire, hereby certify that upon the date stated below, I served the attached **DEFENDANTS', DANIEL VIRTUE, INTERNATIONAL BROTHERHOOD OF TEAMSTERS AND LOCAL UNION NO 776, INTERNATIONAL BROTHERHOOD OF TEAMSTERS, REPLY TO PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** upon the persons named below, at the stated addresses, by first class postage paid United States mail.

     Robert S. Mirin, Esquire
**AHMAD & MIRIN**
8150 Derry Street, Suite A
Harrisburg, PA 17111

     James A. McCall, Esquire
International Brotherhood of Teamsters
25 Louisiana Avenue, N.W.
Washington, D.C.  20001

     Vincent Candiello, Esquire
**MORGAN, LEWIS & BOCKIUS, L.L.P.**
One Commerce Square
417 Walnut Street
Harrisburg, PA  17101

DATED:  June 14, 2002     By: _____
                              JASON M. WEINSTOCK