1 Ct
1 Mary D'Andrea
ORIGINAL
48
7/25/0

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RICKEY A. BECHTEL, | FILED<br>HARRISBURG, PA<br>JUL 2 4 2002<br>MARY E. D'ANDREA, CLERK<br>Per _____ Deputy Clerk |
| Plaintiff, | |
| vs. | No. 1:01-CV-789 |
| DANIEL VIRTUE, Business Agent of the<br>International Brotherhood of Teamsters;<br>INTERNATIONAL BROTHERHOOD OF<br>TEAMSTERS; LOCAL 776,<br>INTERNATIONAL BROTHERHOOD OF<br>TEAMSTERS; and ABF FREIGHT<br>SYSTEM, INCORPORATED, | Judge Sylvia H. Rambo |
| Defendants. | |

**BRIEF IN SUPPORT OF**
<u>**DEFENDANTS' BILL OF COSTS**</u>

Defendants Daniel Virtue; International Brotherhood of Teamsters; and Local 776, International Brotherhood of Teamsters, by and through their attorneys, IRA H. WEINSTOCK, P.C., offers the following Brief in Support of Defendants' Bill of Costs:

## I. STATEMENT OF THE CASE

On April 15, 2002, Defendants Daniel Virtue; International Brotherhood of Teamsters; and Local 776, International Brotherhood of Teamsters (hereinafter referred to collectively as Defendants) filed a Motion for Summary Judgment in the above-captioned matter. Subsequently, Plaintiff Rickey A. Bechtel filed his Brief in Opposition to Defendants' Motion for Summary Judgment and Defendants answered this Brief by filing a Reply Brief on June 14, 2002. On July 10, 2002, the Honorable Judge Sylvia H. Rambo granted Defendants' Motion for Summary Judgment.

## II. QUESTION PRESENTED

Under Federal Rule of Civil Procedure 54(d), may Plaintiff recover costs when Plaintiff was the prevailing party in this litigation?

## III. ARGUMENT

**PLAINTIFF SHOULD BE AWARDED COSTS IN THAT PLAINTIFF IS THE PREVAILING PARTY IN THE INSTANT MATTER.**

In reviewing the Bill of Costs, the court applies the standards set forth in Rule 54(d) of the Federal Rules of Civil Procedure: "costs other than attorneys'

2

fees shall be allowed as of course to the prevailing party unless the court otherwise directs." *Elliott, Reihner, Siedzikoski, & Egan, Inc. v. Richter*, 2000 WL 427377, *1 (E.D.Pa. 2000), citing Federal Rule of Civil Procedure 54(d). "Furthermore, 'Rule 54(d) requires that such taxable costs be awarded to the prevailing party unless the court finds and articulates a reason why that party does not deserve such an award.'" *Burks v. City of Philadelphia*, 1998 WL 351705, *2 (E.D.Pa. 1998), citing *Friedman v. Ganassi*, 853 F.2d 207, 209 (3d Cir. 1988). The language of Rule 54(d)(1) creates a presumption in favor of awarding costs to the prevailing party. *Delta Air Lines, Inc. v. August*, 450 U.S. 346, 352, 101 S.Ct. 1146 (1981).

Rule 54(d) of the Federal Rules of Civil Procedure provides the standard for use in taxing costs in all cases. *Elliott, Reihner, Siedzikoski, & Egan, Inc.*, 2000 WL 427377 at *1 (E.D.Pa. 2000), citing *Smith v. SEPTA*, 47 G/3d 97, 99 (3d Cir. 1995). It states the following:

> This Court may only tax costs explicitly mentioned in 28 U.S.C. § 1920, which includes the following: (a) fees of the clerk and marshal; (b) fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and copies of papers necessarily obtained for use in the case; (5) docket fees under 28 U.S.C. § 1923; (6) compensation of court-appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under 28 U.S.C. § 1828.

3

*Elliott, Reihner, Siedzikoski, & Egan, Inc.*, 2000 WL 427377 at *1 (E.D.Pa. 2000), citing Federal Rule of Civil Procedure 54(d).

Defendants incurred copying costs in the amount of $194.79 which costs were generally related to pretrial motions. The court may tax "fees for exemplification and copies of papers necessarily obtained for use in the case." *Burks*, 1998 WL 351705 at * 5, citing 29 U.S.C. § 1920(4). Here, Defendants made the copies in a diligent manner and said copies were thus necessarily obtained. *Burks*, 1998 WL 351705 at *5. In the event the Court finds that Defendant did not provide a specific designation of the documents reproduced, the Court's familiarity with the litigation will allow it to independently verify Defendants' grounds for these costs. *Id.* As such, Defendant is entitled to costs incurred in copying pre-trial motions.

## IV. CONCLUSION

In light of the foregoing, the Defendant respectfully requests that Defendants' Request for Taxation of Costs be granted.

Respectfully Submitted,

**IRA H. WEINSTOCK, P.C.**
800 North Second Street
Harrisburg, PA 17102
Phone: (717) 238-1657

By: _____
JASON M. WEINSTOCK
Supreme Court No. 69272
Attorney for Defendants Virtue,
International Brotherhood of
Teamsters; and Local 776, Inter-
national Brotherhood of Teamsters

## CERTIFICATE OF SERVICE

I, Jason M. Weinstock, Esquire, hereby certify that upon the date stated below, I served the attached **BRIEF IN SUPPORT OF DEFENDANTS' BILL OF COSTS** upon the persons named below, at the stated addresses, by first class postage paid United States mail.

Robert S. Mirin, Esquire
**AHMAD & MIRIN**
8150 Derry Street, Suite A
Harrisburg, PA 17111

James A. McCall, Esquire
International Brotherhood of Teamsters
25 Louisiana Avenue, N.W.
Washington, D.C. 20001

Vincent Candiello, Esquire
**MORGAN, LEWIS & BOCKIUS, L.L.P.**
One Commerce Square
417 Walnut Street
Harrisburg, PA 17101-1904

Dated: 07/24/02         By: _Jason M. Weinstock_/law
                             JASON M. WEINSTOCK