<u>NOT PRECEDENTIAL</u>

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 02-3195
_____

RICKEY A. BECHTEL,

Appellant

v.

DANIEL A. VIRTUE, Business Agent of the International Brotherhood of Teamsters;
INTERNATIONAL BROTHERHOOD OF TEAMSTERS; LOCAL 776,
INTERNATIONAL BROTHERHOOD OF TEAMSTERS; and ABF FREIGHT
SYSTEM, INCORPORATED
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania

District Court Judge: The Honorable Sylvia H. Rambo
(D.C. Civil No. 01-cv-00789)
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
July 22, 2003

Before: ALITO and FUENTES, <u>Circuit Judges</u>,
and SURRICK,[*] <u>District Judge</u>.

(Opinion Filed:  July 30, 2003)

---

[*]Honorable R. Barclay Surrick, U.S. District Judge for the Eastern District of Pennsylvania, sitting by designation.

_____

OPINION OF THE COURT

_____

FUENTES, Circuit Judge:

Plaintiff Rickey Bechtel appeals the District Court's grant of summary judgment to defendants Daniel Virtue, International Brotherhood of Teamsters ("IBT"), Local 776, and ABF Freight System ("ABF"). We have jurisdiction under 28 U.S.C. § 1291.

The standard of review applicable to an order granting summary judgment is plenary. Curley v. Klem, 298 F.3d 271, 276-77 (3d Cir. 2002). We apply the same test employed by a district court under Federal Rule of Civil Procedure 56(c). See Kelley v. TYK Refractories Co., 860 F.2d 1188, 1192 (3d Cir. 1988). Accordingly, the District Court's grant of summary judgment in favor of the defendants was proper only if it appears that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). In evaluating the evidence, we are required "to view the inferences to be drawn from the underlying facts in the light most favorable to the party opposing the motion." Bartnicki v. Vopper, 200 F.3d 109, 114 (3d Cir. 1999).

Bechtel contends in this hybrid Del Costello suit that defendants Virtue, IBT, and Local 776 breached their duty of fair representation, and that defendant ABF breached the collective bargaining agreement. Virtue and IBT moved for summary judgment on the ground that they are not proper parties for the breach of duty claim. Virtue, IBT, and Local

2

776 moved for summary judgment on the ground that they did not breach their duty of fair representation. The District Court determined that no duty of fair representation had been breached by any defendant, and thus did not address the proper party issue. (App., p. 15). The District Court then concluded that, because a breach of the duty of fair representation is a necessary condition precedent, Bechtel could not state a claim for breach of the collective bargaining agreement against ABF. Id. at 17 (citing Del Costello v. International Brotherhood of Teamsters, 462 U.S. 151, 164-65 (1983); Albright v. Virtue, 273 F.3d 564, 576 (3d Cir. 2001)). Accordingly, the District Court granted summary judgment to the defendants.

We have carefully considered Bechtel's arguments in this appeal and find that they lack merit. For the reasons stated in the District Court's well-reasoned and thorough opinion, we find that summary judgment was properly granted to the defendants. We therefore affirm.

_____
TO THE CLERK OF THE COURT:

Kindly file the foregoing Opinion.

                                                                             /s/ Julio M. Fuentes
                                                                                 Circuit Judge